ELLIOTT *v.* DOUGHTY.

May Term,
1844.

ELLIOTT
v.
DOUGHTY.

To support a *scire facias* against bail for the stay of execution on a judgment of a justice of the peace, it must appear by the return of a *fieri facias* against the principal, that sufficient goods and chattels could not be found to satisfy the execution.

It is not a sufficient objection for the bail in such case, that the judgment and execution against the principals were in their partnership name.

To a *venditioni exponas*, the constable returned " $17,60 made by sale, and no more property on which to levy." *Held*, that the latter part of the return, viz., " and no more property on which to levy," was a nullity.

ERROR to the *Fountain* Circuit Court.

Thursday,
July 11.

SULLIVAN, J.—*Scire facias* by *Doughty* against *Elliott* as the replevin-bail of *Henderson* and *Baxly* commenced before a justice of the peace. Pleas, 1. *Nul tiel record;* 2. No execution; 3. No return of *nulla bona.* The Circuit Court gave judgment for the plaintiff.

The facts, as they appear from the *scire facias* and the proof, are, that a judgment was obtained by *Doughty* against *David S. Henderson* and *Lemuel Baxly*, by the name and description of *Henderson* and *Baxly*, before *W. V. Pollock* a justice of the peace, which was duly replevied by *Elliott* as bail for the defendants; that at the expiration of the time for which the judgment was replevied, a *fieri facias* was issued and levied on certain goods and chattels, the property of the defendants. The property was exposed to sale but it was not sold for want of bidders, and the execution was so returned. A *venditioni exponas* was forthwith issued, to which the constable made the following return, " $17,60 made by sale, and no more property on which to levy." Soon after the return of the *vend. exp.*, and without issuing further process, the plaintiff commenced this suit.

When bail is entered for the stay of execution on a judgment rendered by a justice of the peace, the statute requires that the first process shall be an execution against the goods and chattels of the defendant, and provides that if sufficient goods and chattels be not found to satisfy the execution, and the writ be so returned, a *scire facias* may issue against the bail. In this case there has been no such return. The return was, that property had been seized and not sold for want of bidders; but the return did not state the value of the goods, nor that the defendants had no other goods and chattels on

which to levy. A *venditioni exponas* issued commanding the constable to sell the property he had levied on, but it gave him no authority to make a further levy. He did sell, and so far he obeyed the command of the writ, but his search after other property was unauthorized, and his return that he could find none, a nullity. There has, therefore, been no such return as the statute requires to authorize this proceeding against the bail.

The plaintiff in error also objects to the judgment and execution in favour of *Doughty* against "*Henderson* and *Baxly*" before the justice, but according to previous decisions of this Court the objection is not maintainable. *Jones et al.* v. *Martin*, 5 Blackf. 351.—*Downard* v. *Sluder*, Id. 559.

On account of the defect in the plaintiff's proof as first noticed, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. Mace*, for the plaintiff.

*G. B. Joiner*, for the defendant.