### DOUGHTY v. ELLIOTT.

*Scire facias* to have execution against bail for the stay of execution on a justice's
judgment for 56 dollars and 25 cents. It appeared that a *fi. fa.* against the
principal debtor had been returned levied on certain goods which remained
unsold, and that afterwards, in *March*, 1838, a *venditioni exponas* had been

May Term,
1847.

DOUGHTY
v.
ELLIOTT.

returned that the goods levied on were sold for 20 dollars, and that no other property could be found. It also appeared that an *alias fi. fa.* had issued and had been returned "No property given up on which to levy." *Held,* that these facts did not show due diligence against the principal debtor.

After the Court to which a cause had been submitted had announced that they found for the defendant, but before such finding was entered on the order-book, the plaintiff applied for leave to suffer a nonsuit. *Held,* that the application came too late.

Wednesday,
June 9.

ERROR to the *Fountain* Circuit Court.

BLACKFORD, J.—This was a *scire facias* issued by a justice of the peace. The writ was against *Elliott* as bail for the stay of execution on a judgment against *Henderson* and *Baxley* for 56 dollars and 25 cents. There were several pleas, one of which was that there had been no return of *nulla bona* to an execution against *Henderson* and *Baxley.* The justice gave judgment for the defendant, and the plaintiff appealed to the Circuit Court. The cause was submitted to the Court, and judgment rendered for the defendant.

It appeared that a *fieri facias* against *Henderson* and *Baxley* had been returned levied on certain goods which remained unsold, and that afterwards, in *March,* 1838, a *venditioni exponas* had been returned that the goods levied on were sold for 20 dollars, and that no other property could be found. It also appeared that after such sale, an *alias fieri facias* had issued and had been returned "No property given up on which to levy." The Court held that these facts did not show due diligence against *Henderson* and *Baxley;* and we are of the same opinion. The statute required that, in such case, there should be a return to a *fieri facias* against the principal debtor showing that sufficient goods and chattels could not be found to satisfy the execution. R. S. 1838, p. 374. The return to the *venditioni exponas,* that no other property than that sold could be found, was a nullity. *Elliott* v. *Doughty,* 7 Blackf. 199. And the return to the *alias fieri facias* that no property was given up on which to levy, was insufficient. It did not show that sufficient goods could not be found.

After the Court had announced that they found for the defendant, but before such finding was entered on the order-book, the plaintiff asked leave to suffer a nonsuit, which leave the Court refused. This refusal was correct. The *English*

practice requires the nonsuit to be suffered before the verdict has been given by the jury. 2 Tidd's P. 788. The statute of 1838 required the nonsuit to be suffered before the jury retired from the bar. R. S. 1838, p. 453. The statute of 1843, which was in force when this cause was tried, says that "the plaintiff may suffer a nonsuit at any time before the verdict of the jury shall have been received by the Court." R. S. 1843, p. 732. This last-named statute accords, we think, with the *English* practice, and gives a right to suffer a nonsuit at any time before the verdict is made known to the Court, or before the finding of the Court, without a jury, is announced. The plaintiff ought not to be permitted to take the chance of getting a verdict, and after the verdict was given in against him, to escape from it by means of a nonsuit. We cannot believe the legislature intended to give the plaintiff such an advantage over his adversary.

*Per Curiam.*—The judgment is affirmed with costs.

*G. B. Joiner*, *R. C. Gregory*, and *D. Brier*, for the plaintiff.

*D. Mace* and *A. M. Crane*, for the defendant.