## THEOBALD *versus* COLBY.

The defendant has a *right at law*, to withdraw an account which he may have filed in set-off.

Upon this right he may insist, although the putting of the set-off before the jury might prove the existence of mutual and open accounts between the parties, and though the withdrawal of it would expose the plaintiff's claim to the statute of limitations.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

ASSUMPSIT, commenced in May, 1850, on account annexed, for medical services rendered by the plaintiff's intestate. The items charged commenced in 1815 and extended to September, 1843.

Plea, Limitation. The defendant seasonably filed an account in set-off, consisting of charges for services and articles, rendered and furnished in 1844 and 1845.

When the case came up for trial, and before the plaintiff had offered any testimony, the defendant moved in writing for leave to withdraw his set-off account. This was objected to by the plaintiff, and the motion was refused. The defendant then gave notice that he should not rely upon the set-off account.

The plaintiff, after giving evidence in support of his account, read to the jury, as evidence, the set-off account and admitted it to be correct, though the reading of it was objected to by the defendant.

The Judge instructed the jury that the plaintiff had the right to use the set-off account, as tending to show that there were mutual and open accounts between the parties, not barred by the statute of limitations. There were also other instructions. The defendant excepted.

*Foote, Jr.* for the defendant.

*Ingalls,* for the plaintiff.

1. Permission to withdraw the set-off account was at the discretion of the Judge.

2. The refusal to permit the set-off account to be withdrawn was of no injury to the defendant. It operated in his favor to the amount of his account, which the jury allowed, as may be found by a computation.

3. The two accounts, taken together, proved the existence of mutual and open accounts. The withdrawal of one of them would destroy that proof. This would produce injustice. *Davis* v. *Smith,* 14 Maine, 337; *Cogswell* v. *Dolliver,* 2 Mass. 217.

HATHAWAY, J. — The first question presented in this case is whether or not the defendant, having duly filed his account in offset, may withdraw it as matter of right before proceeding to trial.

The right of a defendant in such case is similar to a plaintiff's right to become nonsuit. A set-off may be withdrawn in analogy to suffering a nonsuit. *Muirhead* v. *Kirkpatrick,* 5 Watts and Serg. 506. And the plaintiff may become nonsuit, as of right, at any time before trial. *Haskell* v. *Whitney,* 12 Mass. 47–8. At common law, he might become nonsuit at any time before the verdict. 7 Watts, 496; 9 Watts & Serg. 153. Ch. 115, § 48, of the Revised Statutes, which prohibits the plaintiff from discontinuing his action, without the defendant's consent, when a set-off has been filed, deprives the plaintiff of the right, which he had before, to discontinue his action at his pleasure, but although he cannot discontinue, he may abandon it, and leave the defendant to prosecute the suit to recover his set-off. That statute leaves the defendant's pre-

existing rights unimpaired ; it increases but does not diminish them.

It would be quite severe to compel a defendant, who might be unprepared to prove a claim which he had filed in offset, and for which the plaintiff had given him no credit, to have it made a part of the case against his will, whereby his claim, which he asked only to withdraw, would be conclusively adjudicated upon without his consent. Such is not the law. The defendant had a right to withdraw his set-off, *Cary* v. *Bancroft*, 14 Pick. 318, and the refusal of the Judge to permit him to withdraw it was erroneous.

The view taken by the Court, of this question, renders it unnecessary to examine the case further.

*The exceptions are sustained and a new trial granted.*

Shepley, C. J., and Wells and Howard, J. J., concurred.