## Daniel Durham

*v.*

## Benjamin Goodwin.

| 54 | 469 |
| 205 | 3 37 |

1.  TRESPASS—*whether it will lie.* In an action of trespass, to recover damages for injury done to plaintiff's crops, by reason of the horses and mules of defendant being breachy and entering the plaintiff's fields, and thereby letting others in not owned by him, it was *held*, the defendant was not liable, in that form of action, for injury occasioned by the stock not his own, unless they were, at the time, under his management and control.

2.  INSTRUCTIONS—*should not assume facts to be proven.* An instruction that assumes certain facts in the case to be proven, is erroneous.

3.  SAME—*error in instructions obviated by being qualified in another.* If one party procures an erroneous instruction to be given, and, at the instance of the opposite party, another is given, qualifying the former, the two instructions should be considered together, and if, when so considered, the law is correctly laid down, the error in the first should be regarded as corrected.

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES H. WOOD, Judge, presiding.

The opinion states the case.

Mr. C. A. LAKE, for the appellant.

Mr. W. H. RICHARDSON, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of trespass, brought by the appellee against the appellant, in the circuit court of Kankakee county, to the November term, A. D. 1869. The plaintiff below complains that the defendant's stock broke and entered his close and destroyed his corn, wheat and oats.

A number of errors are assigned on the record, the most important of which are, that the evidence does not sustain the

verdict, and that the court erred in giving the instructions asked by the plaintiff below.

As this case is to be reversed, on the instructions, we have not considered the evidence to see whether it fully sustains the verdict, and inasmuch as the cause is to be tried again, we forbear to make any comments on the evidence.

At the instance of the plaintiff, the court gave the following instructions:

" If the jury believe, from the evidence, that the plaintiff's farm is surrounded by a good and sufficient fence, such as would turn ordinary horses and mules, and if you believe, from the evidence, that defendant's mules and gray mare were breachy and tore down and broke down such fence, and thereby went in and let ôthers go in, then, in that case, the law is for the plaintiff, and he is entitled to recover for all damages so occasioned.

" The court instructs the jury, that if you believe, from the evidence, that plaintiff's farm was, in the fall of 1865 and winter and spring of 1866, in winter and spring of 1867, surrounded by a good and sufficient fence, and if you further believe, from the evidence, that defendant's horses and mules, and others that run together in a drove on defendant's farm, damaged the plaintiff's corn and oats; and if you further believe, from the evidence, that defendant's mules were breachy and broke down the plaintiff's fences, they being at that time sufficient to turn ordinary stock, and let in the gang of other horses so running together and belonging to defendant, then, in that case, the law is for the plaintiff, and he is entitled to recover whatever damages he has proved occasioned thereby."

The first of the above instructions, we think, is erroneous in stating to the jury that the defendant below was liable to the plaintiff for all damage occasioned, if defendant's stock were breachy and broke down plaintiff's fence " and thereby went in and *let others* go in." It ought to have been so qualified as

to state that the defendant was not liable in this form of action, unless such "other" stock were, at the time, under his control and management. Whether defendant would have been liable under another form of action, is not necessary for the court now to express an opinion.

The second of the above instructions is obnoxious to the same objection, and to the further objection that it assumes, by its phraseology, that other stock "run together in a drove on defendant's farm." If this was a fact, it ought to have been left to the consideration and finding of the jury. This court has repeatedly held, in numerous cases, that an instruction which assumes a certain fact to be proven in the case is erroneous. It is the province of the court to state the law only, and leave the finding of the facts to the jury.

It is insisted by the appellee, that the instructions given for plaintiff below were sufficiently qualified by those given on behalf of the defendant. The rule on this question has been very clearly stated by this court, in the case of *Van Buskirk* v. *Day*, 32 Ill. 260. If one party procures an erroneous instruction to be given, and, at the instance of the opposite party, another is given, qualifying the former, the two instructions should be considered together, and if, when so considered, the law is correctly laid down, the error in the first should be regarded as corrected. See, also, *Morgan* v. *Peet*, 32 Ill. 281.

We can not bring this case within the above rule. After a careful examination of the numerous instructions given for the defendant below, we can not find any which, in the opinion of the court, sufficiently corrects the error in the plaintiff's instructions, or, if taken and considered together, present the law correctly. Indeed, we are at a loss to see how any counter instruction could correct one error in the second of the above instructions, viz : that it assumes a material fact to be proven which it is alone the province of the jury to find.

For the error of the court in giving these instructions, at the instance of the appellee, the judgment must be reversed, and the cause remanded for a new trial.

*Judgment reversed.*