JAMES FARNAN

*v.*

CHARLES J. CHILDS.

1. INSTRUCTION—*assuming a fact in issue.* In slander, where the general issue is filed, it is erroneous to give an instruction for the plaintiff which assumes that the defendant was guilty of speaking the words

alleged in the declaration. In such a case, an instruction that the jury might "consider the reiteration of the slander at different times and to different persons, in estimating and fixing the damages," is objectionable in not leaving it to the jury to find, from the evidence, the fact of such reiteration.

2. SLANDER—*plea of justification with the general issue, no evidence of the speaking.* Where, in an action for slander, the plea of not guilty is filed, notwithstanding pleas of justification are also filed, the plaintiff must prove the speaking of the words alleged, and the pleas can not be used to convict the defendant, nor will he be bound to make his defense until he is proven guilty.

3. In an action for slander, where the defendant filed the general issue, and pleas justifying the speaking of the words, the court instructed the jury, for the plaintiff, "that if the defendant has filed pleas justifying the speaking of the words charging the plaintiff, etc., and made no effort to prove the same, the jury may take that fact into consideration in aggravation of damages." The plaintiff failed to prove the speaking of the words: *Held,* that the instruction was clearly wrong and calculated to mislead the jury.

4. PLEADING—*effect of several pleas.* The doctrine uniformly held, is, that where a party, as he may in this State, files as many pleas as he may deem necessary for his defense, each plea stands by itself and forms a distinct issue; and it is not an objection that some are inconsistent with each other, as for example, when the general issue is pleaded and with it a plea of tender, or the statute of limitations.

WRIT OF ERROR to the Circuit Court of Randolph county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action on the case, by Charles J. Childs against James Farnan, for slander. The defendant pleaded the general issue, and several pleas justifying the speaking of the words charged in the several counts of the declaration. A trial was had, resulting in a verdict and judgment in favor of the plaintiff for $475. The defendant appealed.

Mr. WM. H. UNDERWOOD, and Mr. JOHN MICHAN, for the plaintiff in error.

Mr. J. BLACKBURN JONES, for the defendant in error.

35—66TH ILL.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The only error deemed material to be considered, is, that which arises on the instructions given for plaintiff in the court below.

The fourth and eighth instructions assume that defendant was guilty of speaking the words alleged in the declaration.

In this respect they are objectionable. *Dunham* v. *Goodwin,* 54 Ill. 469.

The fourth instruction, in which the jury were told they might "consider the reiteration of the slander at different times and to different persons, in estimating and fixing the damages," should have been qualified, by telling them if they believed, from the evidence, the slanderous words had been reiterated at different times and to different persons. In the form in which the instruction was given, the jury were left no alternative but to find defendant guilty and assess plaintiff's damages for the reiteration of the slander. The court, in giving both of these instructions, invaded the province of the jury. They ought to have been left free to find the facts, without any suggestions from the court as to what had or had not been proven.

The serious question in the case arises upon the ninth instruction, which is as follows: "The court instructs the jury, that if defendant has filed pleas justifying the speaking of the words charging plaintiff with having seduced divers and sundry other girls, and made no effort to prove the same, the jury may take that fact in consideration in aggravation of damages."

Defendant filed the plea of not guilty and several pleas of justification, and among others, one justifying the speaking of the words charging plaintiff with having seduced "divers and sundry girls in his office," but there is no evidence in the record that defendant ever spoke the objectionable words, for which reason it is urged the instruction was erroneous,

because the jury were told if defendant made no effort to prove the truth of his plea, that fact should be taken into consideration in aggravation of damages. The ground of the objection is, defendant was not bound to prove the truth of his plea until plaintiff had proven that he had spoken the slanderous words. On the contrary, it is urged, that the plea itself is a solemn admission, on the record, defendant had spoken the words, and plaintiff was not bound to prove that which was admitted by the pleadings. Counsel cite, in support of his views, *Jackson* v. *Stetson*, 15 Mass. 48; *Aldernann* v. *French*, 1 Pick. 1. While these authorities support the position assumed, they are in conflict with the authorities on that question. The rule of practice adopted in those cases was subsequently changed by an act of the legislature. *Hix* v. *Dowry*, 5 Pick. 296. The doctrine uniformly held is, that where a party, as he may in this State, pleads as many pleas as he may deem necessary for his defense, each plea stands by itself and forms a distinct issue, and it is not an objection that some are inconsistent with each other; for example, where the general issue is pleaded, and with it a plea in bar, or tender, or the statute of limitations. One plea can not be given in evidence to sustain another or to sustain the allegations in the declaration, any more than a plea of justification in an action for slander can be made the ground of an independent action for a reiteration of the slanderous words. If the plea is to be considered for any purpose, it must be considered altogether, and then it constitutes a complete defense to the action.

The rule that seems to be the best supported by reason and authority is, that where, in an action for slander, the plea of not guilty is filed, notwithstanding the pleas of justification the plaintiff must prove the speaking of the words alleged, and the pleas can not be used to convict defendant, nor will he be bound to make his defense until he is proven guilty. *Kirk* v. *Norvill et al.* 1 D. & E. 118; *Whitaker* v.

*Freeman,* 1 Dev. 271; *Cilley* v. *Jenness,* 2 N. H. 87; *Montgomery* v. *Richardson et al.* 5 Car. & Payne, 247; *Harrington* v. *McMorris,* 5 Taunt. 233.

In this view of the law the ninth instruction was clearly wrong, and was highly calculated to mislead the jury, and must have prejudiced the rights of the plaintiff in error.

For the errors indicated in the instructions, the judgment is reversed and the cause remanded.

*Judgment reversed.*