Prindiville v. Leon.

# John Prindiville
## v.
# George P. Leon.

11 657
54 375
11 657
61 268
11 657
73 403

Nonsuit—May be taken before entry of judgment.—A plaintiff may take a nonsuit after the court has announced its opinion, and before a note thereof is made in the docket of the judge.

Appeal from the County Court of Cook county, the Hon. Mason B. Loomis, Judge, presiding. Opinion filed November 29, 1882.

Messrs. Rae & Smith, for appellant; that the plaintiff could not take nonsuit after the judgment of the court, cited Howe v. Harroun, 17 Ill. 494; Adams v. Shepard, 24 Ill. 464.

Mr. M. C. Kneip, for appellee.

Bailey, P. J. The only question in this case is, whether the court below erred in allowing the plaintiff to suffer a non-suit. The action, which was assumpsit, was tried, by agreement of the parties, before the court without a jury. At the close of the plaintiff's evidence, his counsel remarked " That is our case," and rested, to which the defendant's counsel replied "That is our case too. We will rest and submit the matter to the court." The court then remarked: " Well, gentlemen, I find the issues for the defendant." And thereupon, before any note of said finding was made by either the court or clerk, the plaintiff moved for leave to enter a nonsuit, which motion, notwithstanding the objection and exception of the defendant, was granted, and a judgment of nonsuit was entered accordingly. It is insisted by the defendant that, after the finding of the court upon the issues had been announced, it was too late for the plaintiff to take a nonsuit, but that a judgment in bar should have been entered on the finding.

This precise question was fully considered and determined by the Supreme Court in Howe v. Harroun, 17 Ill. 494, where it was held that, in case of trials before the court without a

jury, the plaintiff may take a nonsuit after the court has announced its opinion, and before a note thereof is entered. In Adams v. Shepard, 24 Ill. 464, which was an action of replevin, the court found the issues for the plaintiff, and entered such finding upon its minutes, but reserved an undetermined question of damages, and it was held that the reservation of that question placed the whole case in the same situation as though the court had made no minute of its finding, and that under the rule laid down in Howe v. Harroun, it was not too late for the plaintiff to submit to a nonsuit. These authorities are decisive of the present case. The judgment must be affirmed.

Judgment affirmed.