Boyd v. Yerkes.

JOHN BOYD

v.

CHARLES T. YERKES ET AL., PARTNERS.

*Agency—Notice to Agent—Conflict of Evidence—Instructions—Deposition —Motion to Strike out Parts of—Account Books—Incompetent Entries.*

1. Notice to an agent touching the subject-matter of his agency is notice to the principal. This rule applies where the agent represents both parties at the same time.

2. Where the evidence is conflicting it is improper for the court to instruct the jury what any party became bound to do under the evidence.

3. In the case presented, it is *held:* That notice to the agent was notice to his principal; that certain instructions were erroneous; and that a motion to strike out certain portions of a deposition wherein the witness testified to entries in books of account, which he did not make and which were also incompetent, should have been granted.

[Opinion filed March 28, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. THOMAS J. SUTHERLAND, for appellant.

Mr. H. S. MONROE, for appellee.

MORAN, P. J. This is an action brought by appellees to recover for loss on certain stocks which it is claimed were purchased and carried by appellees for appellant on his order, and also for loss on certain transactions in oats, which, it is claimed, were conducted by appellees for appellant on the board of trade.

As to the oat deal, appellees' evidence tended to show that appellant had given to one Cutler, who was the brother-in-law of appellant and manager of the business of appellees, authority to deal through appellees in stocks and grain, and that appellant had informed appellees that Cutler had such authority. Cutler ordered the sale of the 25,000 bushels of oats in question to be made for appellant's account. Appellant testified that he gave Cutler authority to order sales and purchases of stocks through appellees' firm, but gave him no authority to order the purchase or sale of oats or other grain. That on one occasion Cutler told him he had made $300 for him in an oat trade, and he told Cutler not to repeat it; that he did not want oats sold on his account; that afterward he found Cutler had again sold oats for him, and he went to Cutler and told him

that he would not have it, and that he must cancel the deal as far as he, appellant, was concerned, and Cutler promised, as the manager of appellees, that it should be canceled on the books.

There was thus presented a conflict upon the question of Cutler's authority to order the oat deal in question, for appellant's account. For direction to the jury upon the question of Cutler's authority to bind appellant by orders to appellees' firm, the court gave the following instruction, being No. 2 of plaintiffs' instructions:

"If the jury believe, from the evidence, that the defendant Boyd, before the making of said orders, gave to the witness Cutler authority to buy and sell grain and stocks for him, and that the plaintiffs, or either of them, were informed that such was the fact, by said Boyd, and that said Cutler gave said orders to sell said oats for and on behalf of said Boyd, then the court instructs you that the orders of said Cutler in regard to buying or selling stocks or grain for account of Boyd were and are binding upon said Boyd, and are to be regarded the same as though given in person by said Boyd."

This instruction was misleading and erroneous. If Cutler had been given authority to buy and sell grain and stocks, and the plaintiffs were informed by Boyd that such was the fact, yet if Boyd withdrew Cutler's authority to buy or sell grain, and told Cutler that he must not sell oats for his account, then orders by Cutler thereafter given to appellees to buy or sell grain were not binding on appellant.

It is agreed that Cutler was the manager of appellees in their business, and if it is true that appellant told him not to buy or sell oats for him, it withdrew his authority to do so, if such authority he ever had, and notice to Cutler of that fact was notice to appellees, and they would be charged with the knowledge their agent had, no matter what appellant had previously told them. Telling Cutler that he must not sell oats was the same as telling appellees that Cutler was not authorized to sell oats.

Notice to the agent is notice to the principal where connected with the subject-matter of the agency. Story on Agency, Sec. 140.

Here the subject-matter of Cutler's agency for appellees was to direct the sales and purchases of grain and stocks as orders were given by the customers, and the notice was therefore given, if given at all, in the very matter of the agency. The rule applies where the agent represents both parties at the same time. Bank of New Milford v. Town of New Milford, 36 Conn. 93.

The instruction ignores appellant's evidence that he forbade Cutler to sell oats on his account. It should have contained a hypothesis negativing appellant's contention on this point. It was not for the court to take that question of fact from the jury. Chicago P. & Prov. Co. v. Tilton, 87 Ill. 547.

For the error in said instruction the case must be reversed. Counsel for appellant insists that there are errors in others of the plaintiff's instructions. In the first we think there is an error, in that it tells the jury, among other things, that the defendant "became bound under the evidence in this case upon the reasonable request of the plaintiff to furnish," etc. This invades the province of the jury. Where there is a conflict of evidence it is never proper for the court to tell the jury what any party became bound to do under the evidence.

As to the other instructions given for the plaintiff, we are not prepared to say that any of them announce incorrect legal principles, but some of them are involved and verbally confused and inaccurate. Upon another trial we think it will not be difficult for counsel to prepare instructions stating legal propositions applicable to the facts that shall be more perspicuous and less liable to criticism. We are of opinion that the court made no error in refusing or modifying defendant's instructions.

Counsel for appellant moved the court some two years before the trial, to suppress or strike out portions of the deposition of one J. C. O'Keefe, wherein said witness testified to entries in books, which entries, it appeared from his deposition, he did not make, and of the correctness of which he had no personal knowledge, and also to suppress the whole deposition on the ground that the witness refused to answer certain questions on cross-examination and for other reasons. The court

Boyd v. Yerkes.

refused to suppress the deposition, or to strike out of it the incompetent testimony, and to this ruling of the court an exception was taken.

The witness was the head bookkeeper of Horton & Company, of New York, who were claimed to be the brokers of appellees in purchasing stocks which appellant had ordered appellees to purchase for him. It was sought to prove that said order had been filled, and that the stock was purchased by Horton & Company for appellees and carried for him.

The witness testified to certain entries in Horton & Company's books, showing transactions in the stock for appellees and made a list of transactions shown by the books which was attached to his deposition as an exhibit. Entries in the books of Horton & Company of transactions or accounts between said firm and appellees were *res inter alios acta* as to appellant.

The books themselves would not be competent evidence against him, and so, of course, evidence as to the entries contained in them was incompetent. The witness had no personal knowledge as to the transactions entered in the books and they were not used to refresh his recollection.

The motion to expunge such incompetent testimony from the deposition, having been made in apt time, should have been granted. In its nature the testimony could not be made competent by other evidence that might be offered at the trial. As the case will be tried again, the motion to strike out the incompetent evidence from said deposition, if renewed, will be granted by the court.

For the errors pointed out, the judgment will be reversed and the case remanded.

*Reversed and remanded.*