Henry M. Shabad

v.

Seth F. Hanchett et al.

*Practice—Act of 1845, Sec. 11—Dismissal of Suit—Non-suit.*

In view of the circumstances involved, this court holds that the plaintiff in the case presented should have been allowed to have dismissed the same at a certain stage thereof.

[Opinion filed May 5, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. MOSES & PAM, for appellant.

Messrs. JACOB R. CUSTER and GEORGE BURRY, for appellees.

GARY, J. This was an action of replevin wherein the appellant was plaintiff. After the evidence was in, on a trial without a jury, a conversation ensued between the judge and plaintiff's counsel in which the judge several times repeated that he could not find for the plaintiff, but would feel disposed if any way could be pointed out, to give him a lien on the property in controversy, for money he had invested. This the counsel for the plaintiff declined to consider, and then the judge, addressing the clerk, said: " Finding for the defendant in this case;" then for the first time the plaintiff's counsel said he would dismiss the case.

At first the court was about to permit him so to do, but the defendant's counsel insisted that it was too late; to this view the court acceded; refused to permit the case to be dismissed and entered a finding and judgment for the defendants upon the merits. The plaintiff excepted, and' the question here is, whether at that stage he had a right to dismiss his suit. No entry of any decision had been made either by court or clerk.

In principle, this case is not distinguishable from Prindiville v. Leon, 11 Ill. App. 657, affirming the right of the plaintiff to take a non-suit at that stage of the case, unless there be a distinction between requests to dismiss a suit and enter a non-suit, which has not apparently been thought by anybody to exist.

But the appellees insist that the addition made in the revision of 1872 to Sec. 11 of the Practice Act of 1845, the section being in that revision 41, by which, on trials by the court, parties may submit propositions of law, has removed the reason of the authorities on which the case cited is based, and the reason ceasing, the rule ceases. If it were clear that they are right, it would be our duty to disregard the former decision of this court; for although the statute was then as it is now, no such point was made.

If Appellate Courts had been organized and the authority of the Supreme Court to review the facts taken away before or at the time of the revision of 1872, a clear reason for the addition referred to would appear, as explained in Tibballs v. Libby, 97 Ill. 552; but that change as to courts did not occur until 1877.    The only other reason that occurs to us for the addition, was to make the practice approved in Lowe v. Moss, 12 Ill. 476, more convenient.

If it had been intended to change the rule in force for so many years, established in 1856, in opposition to the rule established in Indiana in 1847, (Howe v. Harroun, 17 Ill. 494; Dougherty v. Elliott, 8 Blackf. 405,) the easy and natural way so to do, was to add to Sec. 29, R. S. 1845, Sec. 49, R. S., 1872, Practice.    The provision that the proposition may be submitted "within such time as the court may require," indicates that the only purpose was that a court of appellate jurisdiction might have knowledge whether the lower court, in a case where the facts are in doubt, proceeded upon a right or wrong view of the law; if the former, the finding would be affirmed; if the latter, reversed.

We must therefore hold that the case first cited governs this, and the judgment is reversed and the case remanded with directions to permit the plaintiff below to take a non-suit if he will.    Otherwise the finding and judgment can be entered as before.

*Reversed and remanded.*