Schwartz v. Southerland.

## Schwartz et al., Administrators, etc. v. Southerland.

1. PLEAS—*Imposing Terms on Withdrawal.*—Where a defendant asks leave to withdraw a plea, it is error for the court in granting it to impose conditions.

2. JOINT LIABILITY—*Plea Denying.*—The effect of Sec. 36, Chap. 110 R. S., entitled Practice, providing that in actions upon contracts expressed or implied against two or more defendants, as partners or joint obligors or payors, proof of the joint liability or partnership of the defendants, or their christian or surnames, shall not, in the first instance, be required to entitle the plaintiff to judgment, unless such proof shall be rendered necessary by pleading in abatement, or unless the defendant shall file a plea in bar denying the partnership or joint liability, or the execution of the instrument sued upon, verified by affidavit, is to relieve the plaintiff from proving joint liability if the defendant fails to file a proper plea of denial and fails to show that he is not jointly liable. It is in "the first instance" that the plaintiff is not required to make proof of joint liability.

**Memorandum.**—Assumpsit. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed February 13, 1894. Opinion on rehearing filed March 14, 1894.

The statement of facts is contained in the opinion of the court.

JOHN S. COOK and HENRY S. MONROE, attorneys for appellants; T. A. MORAN, of counsel.

JOHN M. HAMILTON, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellee, in 1883, began this suit against four persons, of whom Charles Schwartz was one; the suit was afterward dismissed as to one of the defendants, another died, and the case proceeded to trial against Schwartz and Charles K. Willard, with the result of a judgment for over $7,000 against Schwartz & Willard.

The defendants were brokers in Chicago, engaged in buying and selling stocks upon the market in New York. Appellee dealt with them as such.

Upon the trial, Schwartz offered certain depositions taken in New York; these were excluded by the court. In so far as these depositions showed the entries and accounts upon books kept in New York, we do not think they were admissible; they were *res inter alios acta*. Boyd v. Yerkes, 25 Ill. App. 527.

Schwartz had, however, a right to show in what manner the orders of appellee had been obeyed, and for this purpose could show sales and purchases, in compliance with appellee's directions, by any one who knew of the same. If the persons who executed these orders kept any memorandum of the same, or any was made at the time under their direction and supervision, they could refresh their memory therefrom.

Schwartz was entitled to show the dissolution of the firm with which appellee began his dealings, and his knowledge

of such dissolution, and also other changes in the firm, of which appellee had notice.

It was contended by Schwartz that a settlement or compromise was had with appellee of his claims against the defendants, his brokers; and that, by the terms of this settlement, 500 shares of Wabash preferred stock were purchased by defendants for account of appellee, and were to be carried for him without margins. Appellee contended that this stock was sold without his consent. Schwartz was entitled to show that it finally became worthless, as well as its value from time to time subsequent to the sale.

The depositions should not have been entirely rejected.

Schwartz asked leave to withdraw a plea of set-off; this the court permitted him to do under certain conditions. The imposing of these conditions is complained of as error.

The conditions should not have been imposed and should be removed. Ayres v. Kelley, 11 Ill. 17; Winslow v. Newlan, 45 Ill. 145; Shabad v. Hanchett, 40 Ill. App. 545; Quick v. Lemon, 105 Ill. 578; Theobald v. Colby, 35 Me. 179; Loren v. Hanks, 3 McCord (S. Car.) 328.

Notwithstanding there was, under our statute, no proper plea by Schwartz denying joint liability, he should have been permitted to introduce evidence showing that he was not jointly liable. The effect of the statute is only to relieve the plaintiff from proving the joint liability, if the defendant fails to file a proper plea of denial and fails to show that he is not jointly liable. It is in "the first instance" that the plaintiff is not required to make proof of joint liability. Bensley v. Brockway, 27 Ill. App. 410; Supreme Lodge of United Workmen et al. v. Zuhlke, 129 Ill. 298.

Instructions four and five for plaintiff should not have been given.

We do not deem it necessary to comment further upon the trial in the court below.

As to whether there was a compromise and settlement in May, 1883, and as to whether the agreement, if any, then made, has been carried out, or the benefit thereof received

by appellee, by availing himself in whole or in part of the same, and as to whether the agreement then made was broken by appellant, and if so, the effect thereof, and the damage that appellee has suffered by reason of such breach, if any there was, are all, under the plea of the general issue, questions of fact to be submitted, under proper instructions, to a jury.

The judgment of the Superior Court is reversed and the cause remanded.

OPINION ON REHEARING, PER CURIAM.

On petition for rehearing the counsel of the appellee— citing two cases, Fisher v. Greene, 95 Ill. 97, and Fielding v. Fitzgerald, 130 Ill. 441, to the effect that a party may not, on the eve of, or after a trial, present new issues— asserts, with emphasis, that "either those decisions are wrong, or this court is wrong." This assertion is made in forgetfulness of the familiar rule that the matter contained in one plea is utterly without effect, not to be looked at, upon an issue of law or fact arising upon another part of the pleadings, which are not in continuation of the line of pleading in which the first plea is.

There has been, so far as we are advised, but one occasion in this State (Farnam v. Childs, 66 Ill. 544) to refer to that rule, but it is often repeated elsewhere. The authorities down to thirty years ago are pretty well collected in note to Jackson v. Stetson, 15 Mass. 48.

The plea of set-off by the defendants below did not change their right to make, under the general issue, any proof that would have been admissible if no set-off had been pleaded.

As to whether any portion of the depositions excluded by the court should be admitted upon another trial must be determined by the issues then made and the course the trial then takes.

To the opinion before expressed, that the depositions as a whole should not have been excluded, we adhere.

Petition for rehearing denied.