### Paepcke-Leicht Lumber Co. v. Aaron S. Berkowsky.

PRACTICE—*Depriving a Party of His Right to Take a Nonsuit.*—The judge of a trial court at the close of the testimony, after denying a motion by the plaintiff for a continuance on account of the absence of a material witness, set a day on which he would render his decision, but afterward in the absence of the plaintiff, and on the day previous to the one set and without notice to the plaintiff, found the issues against him and rendered judgment on such finding for costs. *Held* erroneous, as it deprived the plaintiff of his right to take a nonsuit.

Assumpsit, for goods sold, etc. Appeal from the County Court of Cook County; the Hon. C. W. RAYMOND, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed February 14, 1898.

JOHN E. GROVES, attorney for appellant; NICHOLAS R. FINN, of counsel.

The court's decision on May twenty-eighth instead of the twenty-ninth, was error. It prevented plaintiff from taking a nonsuit as he may have intended and as he had a right to do any time before entry of judgment or note of opinion of the court was entered of record. Howe v. Harroun, 17 Ill. 494; Adams v. Shepard, 24 Ill. 464; Wilson S. M. Co. v. Lewis et al., 10 Ill. App. 194; Prindiville v. Leon, 11 Ill. App. 657.

WILLIAM R. PAYNE, attorney for appellee.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

This was a suit by appellant against appellee to recover the value of eight hundred and one soap boxes claimed by appellant to have been sold and delivered to appellee. The suit was tried by the court, without a jury, on appeal from the justice of the peace, and the finding and judgment were against appellant.

The evidence on the part of appellant showed that the boxes were receipted for by one Harry Lipschit, who, at the time of giving the receipts was in appellee's employ; that they were delivered at appellee's place of business and were reasonably worth $118.16. Appellant also put in evidence a letter of date January 8, 1896, from it to appellee, requesting payment for the boxes, and an answer thereto of date January 9, 1896, purporting to be signed in the business name of appellee, viz.: The American Soap Co., in which there was some complaint of the prices charged by appellant for the boxes, and a request for a correct statement. One of appellant's witnesses testified that appellee told him that this letter was written by his son. Harry Kaufman, a witness for appellant, testified that he was collector for the appellant, and as such called on the appellee in December and November, 1895, and in January, February and March, 1896, to collect appellant's claim, and that appellee promised to pay it.

The appellee testified, in his own behalf, that in October, 1895, when Lipschit receipted for the boxes, he, Lipschit, was at appellee's factory, but was not working for him, but for a Mr. Bluh, and that Bluh used the boxes to pack soap in, which appellee had sold to him, and for which Bluh was to furnish the boxes, and that he, appellee, did not order the boxes.

Appellee also denied that he promised appellant's collector to pay the bill, and said that he knew nothing about the letters in evidence.

Harry Lipschit, called by appellee, testified that he worked at appellee's factory October 31, 1895, the date of the receipts, but was working for Bluh and received payment from him, and that he received the boxes for Bluh, and they were used by Bluh.

Joseph Goldberg, called by appellant in rebuttal, testified that he worked for appellee in October and November, 1895, and that Lipschit also worked for appellee during those months, and was paid by appellee.

There were two receipts for boxes, each dated October 31, 1895. One was for five hundred boxes, and the price mentioned in it was fourteen cents per box; the other was for three hundred and one boxes, and the price mentioned in it was sixteen cents per box. The answer of January 9, 1896, to appellant's letter of January 8, 1896, demanding payment for the boxes, contains these words: "While speaking with the members of a couple of soap firms today, they told me that they only pay nine cents for their boxes (the same sized boxes as ours), while you charge me from fourteen to sixteen cents per box." This letter is headed with the name of appellee's place of business, signed with appellee's business name, and is evidence that appellant's letter of the previous day was received and answered at appellee's place of business.

It was 5 o'clock P. M., May 25, 1897, when the testimony of Goldberg, in rebuttal, closed, and appellant, by his counsel, moved the court for a continuance of the case until 10 o'clock the next day, upon the ground that he was taken wholly by surprise by the evidence that Lipschit received the boxes for Bluh, which, in view of the evidence heretofore mentioned, we can readily believe—and upon the further ground that

appellant had duly subpoenaed George Mendelsohn, who, appellant claimed, was a material witness, and that he had failed to appear. The court overruled the motion, and the presiding judge announced that he would render his decision May 29, 1896. This occurred May 25, 1896, as shown by the bill of exceptions. But the court afterward, on May 28, 1896, and without notice to appellant, found the issues for appellee and rendered judgment for costs against appellant. Appellant was entitled to take a nonsuit at any time before the entry of the finding (Howe v. Harroun, 17 Ill. 494; Adams v. Shepard, 24 Ib. 464; Wilson S. M. Co. v. Lewis, 10 Ill. App. 194; Prindiville v. Leon, 11 Ill. App. 657); and this appellant would probably have done had the court delayed the announcement of its decision till May twenty-ninth, and persisted in its refusal to hear further evidence. The rendition of judgment May twenty-eighth, without notice to appellant, was reversible error, and, in view of the affidavits presented by appellant on its motion for a new trial, we think justice will be subserved by a retrial of the cause.

The judgment will be reversed and the cause remanded.