## SAMAHA *v.* SAMAHA.

---

PLEADING AND PRACTICE; VOLUNTARY NONSUIT AFTER PLEA OF SET-OFF;
           JUDGMENT, ENTRY OF.

1. The plaintiff in an action of assumpsit, after a plea of set-off by the defendant, cannot take a voluntary nonsuit so as to prevent the defendant from further prosecuting his plea; *construing* secs. 810 and 812, R. S. D. C., permitting mutual debts to be set off between the parties to an action and providing that " upon the trial of an issue of set-off, judgment shall be for the balance found due, whether to the plaintiff or defendant, with costs;" Chief Justice ALVEY *dissenting.*
2. The plaintiff, however, under such circumstances, may take a nonsuit as to his own demand, without prejudice to his right to renew his action thereon, and the judgment, if for the defendant, should be so entered as to protect the plaintiff in that right.

      No. 1045.  Submitted February 15, 1901.  Decided March 8, 1901.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, entered upon the verdict of a jury upon a plea of set-off after a motion by the plaintiff for leave to take a nonsuit had been denied.

                                              *Affirmed.*

The acts are sufficiently stated in the opinion of the court.

*Mr. Joseph A. Burkart* for the appellant cited Secs. 810-812, R. S. D. C.; 16 A. & E. Encyc. of Law, p. 728; Water-

man on Set-off, Sec. 749; 2 Elliott's Gen. Pr., Sec. 883; *Branham* v. *Brown,* 1 Bailey (S. C.), 262; *Fowler* v. *Lawson,* 15 Ark. 148; *Sewall* v. *Tarbox,* 30 Me. 27; *Tubbs* v. *Hall,* 12 Abb. Pr. N. S. 237; *R. R. Co.* v. *Ward,* 18 Barb. 595; *Wooster* v. *Burr,* 2 Wend. 295; *Nordmanser* v. *Hitchcock,* 40 Mo. 178; *Merchants' Bank* v. *Schulenberg,* 54 Mich. 49; *Theobald* v. *Colby,* 35 Me. 180; *Fink* v. *Bruihl,* 47 Mo. 173; *Cummings* v. *Pruden,* 11 Mass. 206; *Anderson* v. *Gregory,* 43 Conn. 64; *McCredy* v. *Fey,* 7 Watts (Pa.) 496; *Bank* v. *Coryell,* 9 W. & S. (Pa.) 15; *Buffington* v. *Quackenboss,* 5 Fla. 176; affirmed in *Clarke* v. *Wall,* 5 Fla. 496; *Bradshaw* v. *Earnshaw,* 11 App. D. C. 495.

*Mr. J. H. Ralston* and *Mr. F. L. Siddons* for the appellee cited 22 A. & E. Encyc. of Law, p. 442; *Van Alen* v. *Schermerhorn,* 14 How. Pr. (N. Y.) 287; *Rees* v. *Van Patten,* 13 How. Pr. (N. Y.) 258; *Bank* v. *Schulenberg,* 54 Mich. 49; 6 A. & E. Encyc. of Pl. & Pr. 830, 843, 848; *Holcomb* v. *Holcomb,* 23 Fed. Rep. 781; *RR. Co.* v. *Rolling Mill Co.,* 109 U. S. 702; *Pullman Palace Car Co.* v. *Central Transportation Co.,* 171 U. S. 138; *Atlantic Contracting Co.* v. *U. S.,* 35 Ct. of Claims, 30; *McKesson & Hunt* v. *Mindenhall et al.,* 64 N. C. 502 (504); *Wilkins* v. *Suttles,* 114 N. C. 550 (558); *Riley & White* v. *Carter,* 3 Humphr. 230; *Merchants' Bank* v. *Schulenberg,* 54 Mich. 49; *Thomas* v. *Hill, Admr.,* 3 Tex. 270; *Egery* v. *Power,* 5 Tex. 501; *Bradford* v. *Hamilton,* 7 Tex. 55; *Cunningham* v. *Wheatley,* 21 Tex. 184; *Adams* v. *Lewis,* 7 Martin N. S. (La.) 405; *Coxe* v. *Downs,* 9 Rob. (La.) 133; *Donovan* v. *Owen,* 10 La. Ann. 463; *Smith* v. *Amacker,* 15 La. Ann. 299; *Barrow* v. *Robichaux,* 15 La. 70; *United States* v. *Humason,* 8 Fed. Rep. 73.

Mr. Justice SHEPARD delivered the opinion of the Court:

The single question for determination on this appeal is, whether the plaintiff in an action of assumpsit can, after a plea of set-off by the defendant, take a voluntary nonsuit, carrying with it the defendant's right to further prosecute his plea.

The appellant, Abraham Samaha, as plaintiff below, began the action against the appellee, Mansour Samaha, as defendant, to recover $491.25, for money advanced, goods sold, work done, etc. Defendant replied with a plea of set-off in the sum of $385.50. After the jury had been impaneled, the plaintiff moved for leave to take a nonsuit. This was refused and the case went to trial upon the defendant's plea, resulting in a judgment in his favor for the full amount of his counter-claim.

Section 810, R. S. D. C., permits mutual debts to be set-off between the parties to an action, and section 812 provides that: "Upon the trial of an issue upon a plea of set-off, judgment shall be for the balance found due, whether to the plaintiff or defendant, with costs."

It is unnecessary to recur to the limited scope of the common-law recoupment, the defects of which these sections of the statute were enacted to remedy. The right of the plaintiff to take a nonsuit in a common-law action, whether there was recoupment by the defendant or not, has always been admitted. But whether the right exists where the defendant has availed himself of the statutory privilege to plead in set-off and recover over against the plaintiff any balance found to be due him, has been much controverted, and the decisions are in hopeless conflict. These have been brought to our attention by the commendable diligence of the counsel on both sides, and not one seems to have escaped their research. Some of these might be explained by the peculiar provisions of their governing statutes, whilst others are founded on statutes substantially like our own. It would not serve any useful purpose to review these decisions, none of which have anything but persuasive force.

Those upon which the appellant relies proceed upon the view that the common-law right of nonsuit continues unless taken away by statute, either expressly or by necessary implication.

Notwithstanding the high authority of the learned courts enouncing that doctrine, we venture to express our preference for the liberal spirit of interpretation pervading the

decisions of those in opposition. The object of the statute
is remedial. It proceeds upon equitable principles to miti-
gate the rigor of the rule of law, by avoiding multiplicity
of suits and the duplication of costs. To this end it permits
the defendant not only to defend against the action of the
plaintiff, and diminish his demand by way of recoupment or
set-off, but also to become a party plaintiff, so to speak, by
way of counterclaim, for any excess of his own demand.
The defendant has thus, at his option, a right of cross-action
something in the nature of the reconvention prevailing in
some of our States whose systems of procedure are largely
derived from the civil law. No hardship is imposed upon
the plaintiff. He brings the defendant into court knowing
that the latter has the right to plead over against him any
proper subject of set-off and counterclaim. He has the
same freedom of means and opportunity to controvert the
demands of the counterclaim that he would have were it made
the subject of a separate, independent action.

When the defendant has availed himself of the permission
of the statute, and made his preparations to maintain his
counterclaim upon the trial, it would be unjust and oppress-
ive to permit the plaintiff to remain still in control of the
case, with power to dismiss it as a whole at any time before
verdict. It might happen that the cause would be delayed
for a long period during which the defendant's entire demand
would become barred by limitation, if compelled to be made
the subject of a new and independent action.

A construction of the statute that would permit such re-
sult would convert its remedy into a snare for those availing
themselves of it.

We think it is wholly unreasonable, therefore, to indulge
the presumption of intention, on the part of Congress, to
leave such a right in the plaintiff, merely because the letter
of the statute does not deny it.

In our judgment, a better view, and one more in conso-
nance with the spirit of the statute, is, that the technical
plaintiff shall be regarded as plaintiff only in respect of his
own demand, and that the technical defendant shall, as re-

gards the subject-matter of his set-off or counterclaim, be regarded as a plaintiff also.

In this view of the situation and rights of the parties, respectively, each could waive or abandon his own independent demand without prejudice to the rights of the other. In other words, the plaintiff could take a voluntary nonsuit as to his cause of action, without putting the defendant's case out of court; and the defendant could, if so advised, withdraw his plea of set-off, and stand upon such independent defenses as he might have.

In either case, the right would remain to make the subject-matter withdrawn from issue the subject of a later independent action.

The court did not err, therefore, in proceeding with the trial upon the defendant's counterclaim, or in rendering judgment upon the verdict found, and it will be affirmed, with costs.

As, however, the plaintiff had the right to take a nonsuit, at the time of his motion, as to his own demand, without prejudice to his right to renew his action thereon, and as the recitals of the judgment might be construed hereafter as barring that right, the cause will be remanded, with direction, if the appellant so demands, to reform the judgment in that particular. *Affirmed.*

Mr. Chief Justice ALVEY, dissenting:

I cannot concur in the opinion filed in this case. The common law prevails in this District, and is applicable in all cases where it is not superseded by express provision of some statute. In the absence of express statute taking away the right and declaring that a plaintiff shall be deprived of the immemorial common-law privilege of controlling his action, that is, whether it shall be prosecuted or *non pros'd,* by the mere election of the defendant to file a plea of set-off, is a proposition to which I cannot assent. If such a radical change in the right of the plaintiff had been intended by the act of Congress giving the right to the defendant to

plead set-off, as matter of defense, it would, doubtless, have been so expressly provided. In failing so to provide, the common law is left unaffected and in full operation as to the power of the plaintiff over his action. To hold otherwise, as it seems to me, is judicial legislation of a very unwarrantable character. And this view appears to be in accordance with the great preponderance of authority upon the subject, as laid down in text-books of authority, and in judicial decisions in States where the matter has not been regulated by statute. I refer to those only cited in brief of counsel in support of the proposition, though others might be added. *Sewall* v. *Tarbox,* 30 Me. 27; *Theobald* v. *Colby,* 35 Me. 179; *Cummings* v. *Pruden,* 11 Mass. 206; *Anderson* v. *Gregory,* 43 Conn. 61; *Merchants' Bank* v. *Schulenberg,* 54 Mich. 49 (see opinion of Mr. Justice Cooley in this case); *Fink* v. *Bruihl,* 47 Mo. 173; *Wooster* v. *Burr,* 2 Wend. 295; *Seaboard RR. Co.* v. *Ward,* 18 Barb. 595; *Fowler* v. *Lawson,* 15 Ark. 148; *Ruffington* v. *Quackenboss,* 5 Fla. 196, and affirmed in same volume, 496; *McCredy* v. *Fey,* 7 Watts, 496; *Bank* v. *Cargel,* 9 Watts & Serg. 15; *Ashmead* v. *Ashmead,* 23 Kan. 184; *Ins. Co.* v. *Barbour,* 95 Ky. 7.

These cases are well worth the careful attention and consideration of the profession, as relating to an important principle of practice, in which may be involved many serious consequences in departing therefrom without express legislative provision.

In addition to the cases cited, may be added the text-writers upon the subject, wherein it is laid down as settled that "A nonsuit is allowed notwithstanding a set-off has been pleaded. It is so held on the ground that, as the right of the plaintiff to discontinue his suit at any time before the verdict is undoubted, therefore, in the absence of a statute taking away the right, it still exists." 16 Am. & Eng. Encyc. of Law, p. 728. The same principle is laid down as firmly settled by the authorities in 2 Elliott's Gen. Prac., Sec. 883.

When a long and well-established principle is supposed to be liable in its operation to work inconvenience, or even injustice, in supposable cases, it is for the legislature, and

not the courts, to enact the change or reform. I do not see, however, that there is any reform required in the long-established and well-settled principle involved in this case; and I am, therefore, opposed to making innovations simply because the settled principle or established practice may be inveighed against as being opposed to changes that may have taken place in some other jurisdictions.

The qualified right or privilege conceded to the plaintiff of withdrawing his claim, but without the right to *non-pros.* or nonsuit the action, and thus leaving the action depending in which the defendant may prosecute his set-off and obtain judgment against the plaintiff, would appear to be in the teeth of both the spirit and letter of the statute. The statute manifestly contemplates a trial as between the parties as to their respective claims, and *that judgment shall be entered for the balance found due, whether to the plaintiff or defendant, with costs.* This can only be done upon the trial of the issue of set-off, and the determination of the extent of the respective claims of the parties, according to the proof. If the claim of the plaintiff be withdrawn, and there is nothing remaining against which the claim of the defendant may be set-off, the question at once arises whether a judgment in such case is valid, or, if valid, whether it would not, as a necessary legal result by force of the statute, extinguish the claim of the plaintiff. These are questions that will inevitably arise under the decision now made. I think the judgment below ought to be reversed, without qualification.