### National Time Recorder Co. v. Iowa Mantel Manufacturing Co.

1. EVIDENCE—*That Lamps Were Defective Inadmissible Where Contract Was to Make Them in Accordance with a Sample.*—Evidence that lamps manufactured under a contract were defective is inadmissible where the question in issue is whether they conform to a sample furnished the manufacturer to be followed.

2. PLEADING—*What Defensive Matter May be Introduced Under the General Issue.*—The defendant is entitled under the general issue to introduce every matter of defense which tends to show that he does not owe the plaintiff what the latter claims, and this right is not affected by the fact that he has pleaded the general issue with notice of set-off.

Assumpsit, on the common counts. Appeal from the County Court of Cook County; the Hon. GEORGE C. RIDER, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed May 10, 1903. Rehearing denied.

This is a suit by appellee growing out of a contract between the parties, wherein appellant undertook to manufacture for appellee a quantity of gasoline lamps in substantial accordance with a designated sample, to manufacture such special tools as might be deemed necessary for the purpose and to duplicate the sample. It was provided in the contract that " when said manufactured stock shall be in substantial accordance with said sample, said device shall be considered complete and satisfactory to said second party under this contract, subject to such changes as may be mutually agreed upon in writing." The contract states the number of lamps required, provides for " delivery of the

same at the earliest possible time consistent with good workmanship," for payment as the work progresses, and that if for any reasons appellee shall order appellants to stop the work, the latter " shall render bill in full for all material, labor and other expenses that they have contracted and are liable for up to the date and receipt of such notice, and said second party agrees to make cash payment covering all liabilities."

Appellee sued, claiming from appellant $1,000 for cash and merchandise said to have been advanced to appellant over and above services rendered and goods delivered under the contract. Appellant pleaded the general issue with notice of set-off and bill of particulars. The cause was submitted to the court without a jury, and judgment entered against appellant for $614.32, from which comes this appeal.

WILLIAM E. FREER, attorney for appellant.

ROSENTHAL, KURZ & HIRSCHL, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is urged by appellant's attorney that the court erred in its rulings on admission of evidence. Objection was made to an interrogatory put by appellee's attorney whether any of the lamps furnished by appellant were defective, the ground of objection being that the question should have been not merely whether they were defective, but whether they were in accordance with the sample. The objection was overruled and appellant's attorney preserved his exception. The witness then testified that over one-half the lamps were unfit for service or use. It is claimed by appellant that the failure of the lamps was owing, not to defective workmanship, but to inherent defects in the plan of their construction, and that for these defects appellant was not responsible, having made the lamps, as it insists, in exact accordance with the sample, as agreed. We regard the objection as well taken. The evidence was, we think, improperly admitted under the contract and raised a false

issue. If the defects were in workmanship merely, this was proper evidence. But the evidence was not thus limited.

By way of defense under the plea of general issue, the attorney for appellant sought to prove special services claimed to have been rendered at appellee's request in an effort to improve the lamp, and make it better than the sample. Appellee's attorney objected to this and other testimony of like character as being outside appellant's bill of particulars filed with its notice of set-off. The court sustained the objection, saying, " I think you ought to be confined to your bill of particulars." To this ruling an exception was duly preserved. Appellant was entitled under the general issue to introduce every matter of defense which tended to show that it did not owe appellee what the latter claimed. Appellant was not confined to the matters set forth in the notice of set-off. These matters and all others tending to show that appellant had rendered an equivalent for the $2,195 which it admitted appellee had paid, were competent under the plea of the general issue. It was only when, in addition to showing that it was not indebted to appellee, appellant sought to recover a judgment in its favor for the $1,004.05 which it claimed was due it over and above the $2,195 which appellee had paid, that appellant's right to recover was limited by its bill of particulars. Appellee's attorneys argue that because appellant admitted it had received $2,195 from appellee, the former's defense could only be by way of set-off and therefore limited by the bill of particulars attached to its notice of set-off. In Schwartz v. Southerland, 51 Ill. App. 175–178, it is said : " The plea of set-off by the defendants below did not change their right to make, under the general issue, any proof that would have been admissible if no set-off had been pleaded."

In view of what has been said, we deem it unnecessary to consider other matters referred to by the attorneys. For the errors indicated the judgment must be reversed and the cause remanded.