Peter S. Sarelas, Appellant, v. D. L. Tarjan, Appellee.

Gen. No. 34,896.

Opinion filed June 22, 1931.

B. M. SHAFFNER, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against the defendant to recover $1,200 which he claimed to have loaned the defendant. The defendant denied that he had borrowed any money from plaintiff. The case was tried before the court without a jury and there was a finding and judgment in defendant's favor. Judgment was entered on the finding and plaintiff appeals.

Plaintiff's theory of the case was—and he offered testimony to sustain his theory—that he was engaged

in selling stocks and securities on LaSalle street and that the defendant was one of his customers; that on September 9, 1929, plaintiff received two checks, one for $300 from Phillip Johnson, and one for $600 from J. H. Barrett, in payment of moneys he had earned in the sale of securities; that on that day the defendant being short of cash, plaintiff loaned him $450, one-half the amount he had received on the two checks; that on September 14, 1929, plaintiff received another check for $1,500 from one of his customers in payment of like services, and plaintiff loaned defendant one-half of this amount, $750, making a total of $1,200.

The defendant denied that he had borrowed any money from plaintiff but admitted that he had received the two amounts from plaintiff in payment of one-half of the commissions earned in the sale of securities; that the three checks were given to the defendant by defendant's customers in payment of services he had rendered them in the sale of securities; that the sales were made by defendant through plaintiff under an arrangement between the parties whereby the commissions were to be divided equally between them.

It will thus be seen that the evidence was sharply conflicting on the vital question in the case. Two witnesses called by the defendant testified that two of the checks mentioned were delivered by the makers of them to the defendant. Two of the checks are payable to plaintiff; none of them is payable to the defendant. The three checks were all indorsed by plaintiff and the defendant's name is not on them.

Upon a careful consideration of all the evidence in the record we are unable to say on which side the truth lies. But the witnesses were heard and observed by the trial judge. He found in favor of the defendant, and unless we are able to say upon a reading of the printed page that the finding is against the manifest weight of the evidence, we are not warranted, under

the law, in disturbing the finding of the trial court. We are unable to say that the finding of the trial judge is against the manifest weight of the evidence, and therefore the judgment cannot be disturbed.

Plaintiff contends that the court erred in refusing him a nonsuit as requested by his counsel, and in support of this counsel says, ''Where the trial is by the court, the plaintiff may dismiss or may take a non-suit, *after* the court has announced a decision, no note of the decision having been made. *Shabad v. Hanchett,* 40 Ill. App. 545.'' The opinion in that case was filed May 5, 1891. But the statute which provides for the taking of a nonsuit, then in force, is not the same as the present statute which was passed in 1907. Section 70, Cahill's St. ch. 110, ¶ 70, provides: ''Every person desirous of suffering a nonsuit shall be barred therefrom, unless he do so before the jury retire from the bar, or if the case is tried before the court without a jury, before the case is submitted for final decision.'' The provision, ''or if the case is tried before the court without a jury, before the case is submitted for final decision,'' was added in 1907. In the instant case, at the close of the defendant's evidence, the court said, ''I will make a finding for the defendant.'' Then follows a colloquy between court and counsel when counsel for plaintiff then moved for a non-suit. The motion was overruled, and we are unable to say that the ruling of the court was erroneous.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

MATCHETT and McSURELY, JJ., concur.