The opinion of the Court was delivered by
Gibson J.
~ The plaintiff proved, that he had boarded and lodged the defendants wife, for eighteen weeks, and there rested his cause. The defendant proved a personal notice not to trust her on his account, and also, the publication of a notice in the gazette, which the plaintiff" acknowledged he had seen. The defendant then offered in evidence certain receipts, which referred to some previous agreement of separation, and for a monthly allowance of twenty-five dollars to the wife, and which were said to have been signed by persons who were authorised by the wife to receive the allowance. These were objected to, but admitted to go' to the jury. The substantial objection-is, not that they, were inadmissible before a written agreement of separation was produced, or the usual ground laid for the admission of secondary evidence. Evidence is not considered secondary, where It carries with it no indication, that better remains behind j *556 and here it did not appear that there was in fact, any written ágreement. Bút the evidence was incompetent on another ground, to ■ prove the payment, or raise an inference of any other fact from it; because, a man’s receipt is not evidence to prove a payment against a third person; it is evidence against himself, but against another, his oath is better, and ought to be had where it is required. Here, the object was, to prove a payment, in pursuance of an agreement for an allowance for separate maintenance, which was a very material part of the defence. Those persons, therefore, who gave the receipts, should have been called.
The second, error assigned, is, that after the admission of all the defendant’s evidence, the Court refused to permit the plaintiff to rebut it, by shewing the defendant had deserted his wife, and neglected to provide for her in a manner suitable to her degree. The counsel endeavour to support , the decision of the Court, by saying the evidence was not rebutting, but direct, and therefore inadmissible at the stage at which it was offered; because, as it is said, the plaintiff could not have recovered on the case he at first made out, it being necessary, in addition, to shew that the defendant had turned his wife out of doors. Without professing to decide whether the husband is, in any case, liable for boarding and necessaries, furnished the wife while living separate from him, when he has not refused to. provide for her at home, I am of opinion, the evidence went directly to rebut the suggestion of a separate agreement. A separation by compulsion is quite a different thing from a separation by the agreement of the parties. It is immaterial, therefore, whether the plaintiff could have recovered on his direct evidence or not. If the defendant had thought he could not, he might have put his defence on that ground; but having given evidence, which he now says was unnecessary, he shall not say, the plaintiff had no right to produce counter evidence, because he át the same time necessarily cured an original defect in the case on which he had reste.d before the jury. The judgment is reversed. -
Judgment reversed, and a venire facias de novo awarded.