## Townsend *against* Kerns et al.

A book of original entries, kept by a tenant, containing the receipt and ex-
penditures of a farm, is not of itself evidence to establish the relation which
existed between the landlord and the tenant.

A receipt for money paid, with proof of the handwriting of the receiver, is
secondary evidence.

The action of trespass is founded on possession, which has always at least a
qualified property annexed to it which is valid until a better title be shown.
The plaintiff, therefore, in such action, having shown a possession of property,
the subject of the trespass, the defendant, in order to maintain his defence,
must show a better right in himself; he may not rely on the plaintiff's want of
title.

In an action of trespass upon personal property, where the plaintiff relies, to
establish his possession and right to the property, upon a judgment and execu-
tion in his own favour, by which the property was sold to him, it is competent
for the defendant to show that that judgment and execution were fraudulent.

ERROR to the common pleas of *Lancaster* county.

This was a writ of error to the court of common pleas of Lancas-
ter county, in an action brought by John Townsend against Christian
Kerns, John Kerns and John Leech.   A verdict and judgment were
rendered in favour of the defendants, and the case is now before this
court on bills of exception to evidence, and to the charge of the court.

The declaration is, in the first count, for breaking the close of the
plaintiff, and  seizing nine acres of wheat there standing and grow-
ing, one colt, and one winnowing mill : and, in the second count, for
entering the same close and carrying away therefrom the produce of
the said rye and wheat, and the colt, and winnowing mill.   It ap-
peared that, in March 1830, when the property was seized and sold
by the defendants, the premises, consisting of a farm of one hundred
and forty-five acres and upwards, on part of which the grain was
growing, and the colt and mill, were in possession of the plaintiff's
son-in-law, William Dungan, who had for some time occupied the
place.   The plaintiff alleged that Dungan occupied it as his agent,
employed, under a written agreement made between them in April
1829, to cultivate the land, at the wages of twelve dollars a month,
and to account with him for the proceeds.   He claimed the colt by
virtue of a purchase at a sale in April 1829, on an execution issued
upon a judgment obtained by him against Dungan before a magis-
trate, at which sale the plaintiff and his son, John Townsend, Jun.,
bought many articles afterwards left on the farm.   The mill was
alleged to have been made for Townsend in September 1829, and
the colt was the foal of a mare purchased by the plaintiff at the sale,
and left on the farm.   It further appeared, that the seizure and sale
were made by Leech, a constable, in company with the Kerns,

[Townsend v. Kerns et al.]

under an execution stated to have been taken out by the Kerns against Dungan in March 1830, notwithstanding a notice by the plaintiff and Dungan of the plaintiff's right in the property. The Kerns bought the property at this sale, and indemnified Leech. The defendants alleged, and adduced evidence to prove, that Dungan was in reality the tenant of the plaintiff, and that the agreement in April 1829 was merely a pretence to conceal his interest and protect his property from creditors. They also alleged, that the judgment and proceedings in the suit of Townsend *against* Dungan were fraudulent and collusive—Dungan not being really indebted to Townsend, but, on the contrary, his creditor on account of large sums expended by Dungan for improvements on the place.

The plaintiff offered in evidence a book of original entries, purporting to have been kept by Dungan, as the agent of Townsend, containing the receipts and expenditures of the farm. This was objected to and rejected. He also offered in evidence, certain receipts for money paid by Dungan, after proving the handwriting of the receiver; these were also rejected. The court permitted the defendant to give evidence to impeach the judgment and execution of Townsend *against* Dungan on which the property was sold to the plaintiff, on the ground of fraud. Exceptions were taken to the opinion of the court rejecting and receiving this evidence, and also that they instructed the jury, so as to induce them to believe the law to be, that unless the plaintiff had the right to the property, he could not recover, and that the defendant might rely upon the plaintiff's want of title.

*Eastburn* and *Norris*, for plaintiff in error,
*R. Frazer*, contra.

The opinion of the Court was delivered by

Sergeant, J.—The first error assigned is, that the court rejected a book of original entries, kept by Dungan, containing his receipts and expenditures on the farm during the year 1829, and purporting to be kept by him, as agent of John Townsend. This book could have no bearing on the case, except to confirm the evidence before given, that Dungan was Townsend's agent, and not his tenant. But Dungan was present in court, and examined as a witness, and the entries of acts done by him in the character of agent were not as good evidence as his testimony on oath. If the transactions they relate to were evidence at all, the witness could only use the entries as a memorandum to refresh his memory. The cases cited, in which entries have been received as evidence, do not apply. They are cases where the entries were made by a person deceased, having no interest in the matter in question, or against his interest, and in the usual course of business, and were received as evidence against the alleged principal, or in suits between third persons, to establish the fact stated in the entry. Here they were offered by the principal to

show the character of the alleged agent, he being alive and present as a witness. This evidence was therefore properly rejected.

The second and third errors assigned are, that the court rejected certain receipts for money paid by Dungan in 1829, on account of work done, and tax paid for the farm, after the plaintiff had proved the signature of the receiver. It is sufficient to say, on this point, that no evidence having been given that the persons signing the receipts could not be produced, they were not the best evidence. This point has been before decided by this court. Cutbush *v.* Gilbert, 4 *Serg. & Rawle* 556. The remaining exceptions are to the charge of the court, and though varied in form are all, but the ninth, in substance the same—that the court did not charge the jury correctly on the law applicable to trespass, or charged them in a manner calculated to mislead.

The material question embraced in this cause probably is, whether Dungan held the articles as tenant of the plaintiff, or his agent; in the former case they were Dungan's, and liable to seizure and sale on execution against him; in the latter case, they belonged to Townsend, and were not liable. But until the alleged judgment and execution of Kerns against Dungan were shown, the plaintiff's title could not be questioned by the defendants. And though some of the plaintiff's witnesses speak of Leech's levying as constable, yet the defendants did not produce the judgment and execution on the trial—for what reason does not appear. In this position of the cause, it was very material for the plaintiff to have the principle of the law, relative to actions of trespass, distinctly stated to the jury; namely, that the mere possession of Townsend, by his agent, was sufficient, without showing a title. Trespass is emphatically an action founded on possession. Possession has by law a qualified property annexed to it, which is valid until a better right be shown. Even trover may, by virtue of such property, be maintained by the finder of a chattel against a wrong doer. Indeed, without this principle in the law, the peace of society would be disturbed by conflicts amongst persons having no right, which should gain possession. But the judge seems to have instructed the jury, that it was necessary for the plaintiff, as the cause stood, to establish title as well as possession. For he says, " that if the property in this case was not in the plaintiff at the time of the seizure, it is not necessary for the defendants to show any title or right to seize." And " that if the property was the plaintiff's, *and* he had a legal or constructive possession of it, he may recover." And again, " the question is, was the property John Townsend's at the time of the seizure, *and* was he in the actual or constructive possession of it." The exception to the charge on this head seems therefore well sustained.

The ninth error is not supported. There can be no doubt that the defendants could impeach the plaintiff's judgment and execution against Dungan, collaterally, in this suit, by averring those proceedings to be fraudulent and collusive, provided they had first shown a

right in themselves which would in that case prevail. This point has been frequently decided, and indeed it is only collaterally that a stranger to the proceedings can impeach them; for being neither party nor privy he cannot do so by plea, writ of error or otherwise. Third persons may always show fraud and collusion in acts by which their rights are to be affected: and the reason is, that whatever form or appearance such acts may exhibit, yet if fraudulently procured or effected, they are not what they assume to be, and have no legal existence or operation as to third persons. The parties to the fraud are bound because they are not to be heard to aver it. *Nemo allegans suam turpitudenem audiendus est.*

Judgment reversed, and *venire facias de novo* awarded.