Roche v. Day.

---

## P. J. ROCHE
### v.
### M. M. DAY.

1. ADMISSIONS BY STRANGER.—An admission by a stranger can not be received as evidence against any party.

2. SAME.—An action of assumpsit upon two promissory notes. The defense was that the notes were given under and in pursuance of the mutual, unlawful agreement of the parties to deal in differences. Plaintiff testified in contradiction of defendant that there was no such agreement, and that in all cases there was or might have been a delivery if desired, and offered in evidence his check to a third party accompanied with papers from such party showing that he had on hand, corn, ready to deliver to plaintiff. *Held,* that such evidence was inadmissible.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed December 16, 1886.

This was an action of assumpsit brought by appellee as the payee, against appellant as the maker, upon two promissory notes, both bearing date at Chicago, November 6, 1883, one payable in eight and the other in twelve months after date. The pleas were the general issue and special pleas, setting up

in substance and effect, dealings by the plaintiff as member of the Board of Trade of Chicago, on behalf of the defendant, in grain, under and in pursuance of the mutual, unlawful agreement of the parties that such deals should be in options, no grain to be delivered or received and paid for, but that settlements should be made only upon differences, averring that such differences constituted the consideration of said notes respectively. Issue was taken by plaintiff upon these pleas by replication traversing the averments of the pleas as to such illegal consideration. The case was tried by jury, their verdict being for plaintiff, assessing his damages at $2,105.45, and the court overruling defendant's motion for a new trial, gave judgment upon the verdict, and from that judgment the defendant took an appeal to this court, assigning various errors.

Upon the trial, the plaintiff having read in evidence the notes in suit, rested. The defendant thereupon offered himself as a witness in his own behalf, and gave testimony tending to support all the necessary elements of his defense under his special pleas as above stated. To rebut that evidence, the plaintiff was sworn as a witness in his own behalf, and testified in contradiction of defendant, that there was no such agreement or understanding between them; that there was to be no delivery or acceptance and paying for the property, but that in fact he bought the grain on defendant's behalf for cash, and that in all cases there was or might have been a delivery if desired. To support him in that statement, his counsel offered in evidence an uncertified and unindorsed check of plaintiff to A. H. Bliss & Co., dated March 1, 1883, upon the International Bank, for $5,654.20, accompanied with papers purporting to come from said A. H. Bliss & Co., of the same date, addressed to plaintiff, stating: "We have on hand ready for delivery the following warehouse receipts, and hereby make tender to you of the same in fulfillment of our contract of sale to you of 5 M. corn at 56½." Then followed the statement as to warehouse receipts, with the quantity represented by each; and also another statement of the same import, of the same date, for other warehouse receipts. The court, against the

objection of the defendant, admitted in evidence said check, and the said statements purporting to have been made by A. H. Bliss & Co.

There was no evidence tending to show that the defendant had any knowledge of, or connection with, any of said statements of A. H. Bliss & Co. But the case shows that the defendant proved by a Mr. Griffin, a short-hand reporter, that the plaintiff, in his testimony on a former trial, made statements and admissions in respect to the transaction in question, which tended to corroborate the evidence of the defendant.

Mr. FRANCIS A. RIDDLE, for appellant.

Mr. D. M. KIRTON, for appellee.

McALLISTER, P. J. We are of opinion that, as the case stood upon the evidence, the admission in evidence, against the objection of the defendant below, of the statements of A. H. Bliss & Co., in respect to the delivery of corn, was prejudicial error. It involved an act of which the defendant was in no respect cognizant, and in which he did not participate. A. H. Bliss & Co. were strangers. The defendant was entitled to have all evidence against him given upon oath, and the witnesses subject to cross-examination. Such evidence was *res inter alias acta.* The general rule is, that "an admission by a stranger can not be received as evidence against any party, for it may have been made, not because the fact admitted was true, but from motives and under circumstances entirely collateral, or even collusively, and for the purpose of being offered in evidence." 1 Starkie on Ev. *59; Spargo v. Brown, 9 Barnw. & Cress. 935; Longnecker v. Hyde, 6 Binney, 1; Cutbush v. Gilbert, 4 Serg. & Rawle, 551; Jacobs v. Putnam, 4 Pick. 108; Warner v. Price, 3 Wend. 397; Heller v. Howard, 11 Bradwell, 554.

But we are of opinion that there was no error in the refusal by the court to order the plaintiff to produce his books, etc., or to continue the trial for the want of such production, because the bill of exceptions fails to show reasonable notice to

produce, or a sufficient cause for their production within the provision of the statute. First National Bank v. Mansfield, 48 Ill. 494.

But for the error in admitting in evidence the statements of A. H. Bliss & Co., as to a tender of delivery of warehouse receipts in pursuance of a contract with plaintiff, the judgment below should be reversed and the cause remanded for a new trial.

Judgment reversed.