## West Chicago Street Railway. Co. v. Edmond R'. Moras.

### Gen. No. 10,994.

1. RULINGS OF COURT—*scrutiny subjected to, where, case is close.* Where the evidence is conflicting and of such a nature as would have justified a verdict contrary to that actually rendered, the evidence admitted on behalf of the successful litigant must have been competent, and the instructions given in his behalf must have been accurate.

2. ORIGINAL ENTRIES—*when book of, is incompetent.* Entries contained in a book of original entry are incompetent, where it is not shown that such entries were true and correct when made.

3. ORIGINAL ENTRIES—*when book of, is incompetent.* A book of original entries is incompetent as against a litigant, where the entries sought to be proved were made by third persons with whom he was in nowise connected.

4. INSTRUCTIONS— *as to when testimony of witness may be disregarded.* An instruction which tells the jury that before they should disregard the testimony of a witness, they should believe that such witness has *palpably* testified falsely, is erroneous.

Action for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RUSSELL P. GOODWIN, Judge, presiding. Heard in this court at the October term, 1903. Reversed and remanded. Opinion filed December 21, 1903.

JAMES W. DUNCAN, IRA C. WOOD and C. LE ROY BROWN, for appellant; W. W. GURLEY and JOHN A. ROSE, of counsel.

THEODORE G. CASE and MUNSON T. CASE, for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee, a practicing physician and surgeon in Chicago, October 9, 1896, had his left hand and wrist crushed by being run over by one of appellant's grip cars, rendering an amputation and several re-amputations of his arm necessary. He sued appellant for his injuries, and there have been three trials, the first resulting in a disagreement of the jury, the second in a verdict in appellee's favor of $36,000, which was set aside by the trial court, and the third in a verdict for appellee of $45,000, on which, after a remittitur of $20,000, judgment was rendered for $25,000, from which this appeal was taken.

For appellant it is said that the verdict and judgment are against the clear weight of the evidence on the question of liability, and that the verdict was so excessive that it is not cured by the remittitur; also, that appellee's counsel were guilty of misconduct at the trial, and that the bailiffs in charge of the jury made improper remarks in their hearing. Inasmuch as there is no claim but that there is evidence in the record tending to establish a liability against the appellant, and since the alleged misconduct of counsel and the bailiffs may not occur on another trial, and because we are of opinion that there is reversible error in procedure, it is unnecessary to discuss these alleged grounds of error.

The evidence as to the question of appellant's negligence and the care of appellee is very conflicting, so much so that had the jury found a verdict in appellant's favor, we should not, on either of these points, be prepared to hold that it was against the clear weight of the evidence. This being so, it is important that the instructions should be accurate and that no improper evidence should have been permitted to go to the jury. C. C. Ry. Co. v. Canevin, 72 Ill. App. 81, and cases there cited.

During the progress of the trial, by reason of the fact that several of appellant's witnesses testified that appellee, on the day of his injury wore a beard, the question of his identification became very important. In fact, it was

strongly argued before the jury by appellee's counsel, that
if these witnesses were to be believed, that was an end of
the case, and that a verdict in favor of appellee could not
be found, but that if the jury did not believe these wit-
nesses, then it had a right to look with suspicion upon the
rest of appellant's defense—that the jury could not refuse
to believe these witnesses and "at the same time believe the
other portion of the defense;" also, that the evidence that
appellee had his picture taken on September 1, 1896, which
shows that he was then clean shaven, was absolutely conclu-
sive that these witnesses of appellant could not be believed
when they testified that appellee on the day of the injury
wore a beard. There was evidence offered by appellee to
rebut that of these witnesses, including a photograph and
negative of appellee which he claimed was taken Septem-
ber 1, 1896, showing that he was then clean shaven. To
support his evidence in this regard appellee also called one
Martha Ade, employed by Stevens Sons & Co., photogra-
phers, who testified that the photograph was taken Septem-
ber 1, 1896, in her employers' establishment; that she had
met appellee after that date, and that at that time she
thought he was clean shaven. The photograph and negative
were offered in evidence and the witness testified that she
made a memorandum on the negative on the morning she
gave her evidence, as follows: "Sitting of Dr. Moras,
September 1, 1896," and that she made this memorandum
from books which were kept in the regular course of busi-
ness. The witness further identified a register, or order
book of her employers, which she said was a book of orig-
inal entry and was kept by her and a Miss McCaig, who was
not called, and witness did not know where she was, and
that the entries in the book were made under the witness'
supervision. The witness was then shown the book and
testified that an entry in it under date of September 1,
1896, showed a charge to appellee for one dozen photo-
graphs from a negative, which bore the same number as
the negative offered in evidence, and that the book showed
that the pictures were delivered September 17, 1896; also

that the entry in the book was in the handwriting of Miss McCaig. The entry was then offered and admitted in evidence against the objection and exception of appellant. This we think was error, and calculated seriously to prejudice appellant, for the reason that it tends strongly to corroborate appellee's evidence upon an important question in the case, viz.: his identification on the day of the injury. It is not claimed that the book was admissible under the statute, for it clearly has no application. If competent evidence, it must be so under the common law.

It nowhere appears in the evidence that the entry in question was true and correct, which should have been shown before it was admitted, even if otherwise competent. 9th Am. & Eng. Enc. Law (2nd Ed.) 925; 2nd Jones on Evid., Sec 588; Chandler v. Pomeroy, 87 Fed. Rep. 262-8; Ruggles v. Gatton, 50 Ill. 412; Hanse v. Beak, 141 Ill. 290, and cases cited; Boyd v. Yerkes, 25 Ill. App. 527-31.

The evidence was also incompetent because it was *res inter alios acta*. 2 Jones on Evid., Sec. 589; 11th Am. & Eng. Ency. Law (2nd Ed.) 509; Roche v. Day, 20 Ill. App. 417, and cases cited; Boyd case, *supra*.

The principle of the authorities last cited is that evidence shall not be admitted against a litigant when it consists of the words or acts of third persons with whom he is in no way connected. In this case the appellant is in no way connected with the taking of appellee's photograph by Stevens Sons & Co., and what they placed upon their books in regard thereto is not competent evidence against appellant.

Appellee's counsel cite certain authorities which they claim hold that this evidence is competent as part of the *res gestæ*, but an examination of all the authorities so relied on shows that they have reference to transactions between the parties to the litigation, and not between one of the parties to the litigation and a third person, as is the case here.

Among other instructions given for the appellee was the following :

"5.   It is the duty of the jury in passing upon the credibility of the testimony of the several witnesses, to reconcile all the different parts of the testimony if possible.   It is only in cases where it is palpable that a witness has deliberately and intentionally testified falsely as to some material matter, and is not corroborated by other credible evidence, that a jury is warranted in disregarding his or her entire testimony.   Although a witness may be mistaken as to some part of his or her evidence, it does not follow as a matter of law that he or she has wilfully told an untruth or that the jury would have the right to reject his or her entire testimony.   It is the duty of the jury to consider carefully all the testimony in the case bearing upon the issues of fact submitted to them, and, if possible, to reconcile any and all apparently conflicting statements of the witnesses."

We think the giving of this instruction was error, and it may have resulted in the verdict in appellee's favor, for the reason that it, in effect, by the use of the word "palpable" in the second sentence, told the jury that they should not disregard the testimony of a witness because they believed that he deliberately and intentionally testified falsely as to some material matter and was not corroborated by other credible evidence, unless it was clear, glaring, unmistakable or indubitable that he had so testified.   This, we think, lays down a far more stringent rule than has been applied in civil cases.   It is true that the Supreme Court, as well as this court, considered this instruction, which was given, omitting the word " credible " in the second sentence, in case of N. C. S. R. R. Co. v. Fitzgibbons, 180 Ill. 466, and 79 Ill. App. 632, and affirmed a judgment in that case.   The criticism here made upon the instruction was not made in that case, and the court then confined its holding to the criticism then being considered, viz., that the word "credible" was omitted.   The Supreme Court, however, says that the instruction "was not drawn with entire accuracy."   The rule laid down in numerous cases by the Supreme Court, in civil cases, is that it is sufficient that a party prove his case by a preponderance of the evidence, and it is not necessary that it should be established by a clear preponderance or

even evidence to the satisfaction of the jury, except where a case or defense is based upon a criminal act. Crabtree v. Reed, 50 Ill. 206; McDeed v. McDeed, 67 Ill. 545; Herrick v. Gary, 83 Ill. 85–9; Bitter v. Saatloff, 98 Ill. 266; Mitchell v. Hindman, 150 Ill. 538.

It is claimed most urgently by appellant's counsel that certain witnesses for appellee should not be believed, because they say, in effect, that these witnesses deliberately and intentionally testified falsely, and evidence offered on behalf of appellant tends strongly to impeach certain of appellee's witnesses. Under this instruction the jury might well have placed no reliance upon appellant's contention in this regard, for the reason that they did not believe from a consideration of the evidence that it was clear or indubitable that these witnesses had testified falsely.

Other rulings upon evidence and instructions both given and refused, it is claimed were erroneous, but after full consideration of each of them, we are of opinion they present no reversible error.

For the errors in giving appellee's fifth instruction and the admission of the entries from the photographer's book, which we think calculated seriously to prejudice appellant, in view of the strong conflict in the evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*