## Barney Varney, Appellee, v. Ajax Forge Company, Appellant.

### Gen. No. 22,636.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. ED-
WARD M. MANGAN, Judge, presiding. Heard in this court at the
October term, 1916. Affirmed. Opinion filed February 19, 1917.
*Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Barney Varney, plaintiff, against the
Ajax Forge Company, defendant, to recover compen-
sation under the Workmen's Compensation Act of
1911 for personal injuries sustained by the plaintiff
while in the defendant's employ. From a judgment
for plaintiff for $10,000, defendant appeals.

BULKLEY, MORE & TALLMADGE, for appellant.

HENRY R. RATHBONE, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the
court.

### Abstract of the Decision.

1. PLEADING, § 123*—*what is effect of failure to file replication
to good plea.* One plea stating a good defense to the whole decla-
ration is, without a replication, tantamount to a confession of the
verity of the matters pleaded in defense, entitling the defendant
to a judgment on such plea.

2. APPEAL AND ERROR, § 420*—*when objections to replication are
made too late.* The objection that a replication filed was not re-
sponsive to the plea and joined no issue thereon comes too late
when first made on appeal.

3. PLEADING, § 470a*—*when error in replication is cured by
verdict.* Error in a replication in that it is not responsive to the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

plea and joins no issue thereon is cured by verdict upon going to trial without objection or motion.

4. WORKMEN'S COMPENSATION ACT, § 6*—*what constitutes a dangerous appliance.* The fact that a serious injury was inflicted by a mechanical device appurtenant to a planer called a "dog," and that soon after an accident, upon diligent search and inquiry, an efficient method of protection was discovered and applied, making such planers and dogs harmless, *held* to stamp such appliance as dangerous under section 3 of the Workmen's Compensation Act of 1911 (J. & A. ¶ 5451), in an action to recover compensation thereunder.

5. MASTER AND SERVANT, § 158*—*what is duty of owner to protect dangerous machinery.* Notwithstanding the powers and duties under the Safety Appliance Act of a factory inspector, there is an absolute duty upon the owner of dangerous machinery to protect it, and his failure to do so would not be excused by the factory inspector's failure to give notice to the owner.

6. WORKMEN'S COMPENSATION ACT, § 6*—*what constitutes intentional omission of duty by employer.* Where elective officers of a corporation owning a factory and having knowledge of dangerous machinery in such factory and of their responsibility as to protecting such machinery failed to remedy a dangerous condition existing as to same, *held* that such omission of duty on their part was intentional within section 3 of the Workmen's Compensation Act of 1911 (J. & A. ¶ 5451).

7. INSTRUCTIONS, § 38*—*when in language of statute not reversibly erroneous.* Setting forth in an instruction the language of a statute involved, although discountenanced, *held* not to be reversible error.

8. INSTRUCTIONS, § 135*—*when request for more specific instruction is necessary.* Complaint that the term "proximate cause" used in an instruction was not sufficiently definite, *held* to be without force as an instruction should have been tendered upon such definition by the party complaining.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCIV 14