Catherine Scally, Administratrix of Estate of Edward Matthew Scally, Deceased, Appellee, v. Jerome Flannery, Appellant.

350

Opinion filed November 8, 1937.

MacDonald, Meyer & Meyer, of East St. Louis, for appellant.

McGlynn & McGlynn, of East St. Louis, for appellee.

Mr. Justice Edwards delivered the opinion of the court.

This appeal is prosecuted to review a judgment for $5,500 which plaintiff, as administratrix of the estate of Edward M. Scally, deceased, recovered against defendant in the statutory action by the next of kin for causing the death of decedent. The complaint, consisting of a single count, charged general negligence.

The accident occurred on November 21, 1935, at about 6:30 P. M. on State street in East St. Louis. At that time defendant was driving his auto easterly on such street and the plaintiff, who was standing upon the north curb where the street is intersected by Thirteenth Street, started to cross to the southerly side, en route he came into contact with defendant's car and sustained injuries which resulted in his death.

For plaintiff, William Overby testified that he was driving his car some distance behind that of defendant, with another auto in between, that he was traveling about 35 miles an hour, and that all the traffic was proceeding at about the same speed, though on cross-examination he stated that he did not know the speed of defendant's car. He further testified that he saw plaintiff start south from the north curb and proceed to the center of the street, but did not see him again until after the accident. Plaintiff called the defendant, under sec. 60 of the Civil Practice Act, Ill. Rev. Stat. 1937, ch. 110, § 184; Jones Ill. Stats. Ann. 104.060, and the witness stated that he had his lights on, that there was nothing to obstruct his front view and that he could have seen any object ahead of him, and that the first he knew of the presence of deceased was when the latter brushed against the left side of defendant's car at about the door and rear of the front fender.

For defendant, William C. Molla deposed that he saw deceased leave the north curb and proceed southerly, waving his hand over his head, and that he ran into the side of defendant's car. B. E. Goetz also saw the accident. He testified that he saw Scally start to cross the street and saw him go into the side of Flannery's car, striking it at the windbreaker. Robert Carstetter stated that he saw deceased walk off the curb, and that he "started to hopping or half running across the street"; that defendant's car was about 100 feet from him, that Scally ran right into the side of the auto, and that at the time defendant's car was making about 30 or 35 miles an hour.

It is contended by defendant that the proof fails to show either that he was guilty of negligence, or that plaintiff at the time was in the exercise of ordinary care for his own safety, and that the court should have sustained the motions for a directed verdict.

We think the evidence of the plaintiff was sufficient to justify the court in submitting the questions of fact to the jury, and while there was proof on behalf of defendant, which tended to show the contrary, yet the trial court could not weigh the conflicting testimony as that was the province of the jury. *Thomas v. Buchanan,* 357 Ill. 270.

It is also urged that the complaint, charging only general negligence, and the plaintiff, both at the trial and in this court, contending that the claimed neglect of defendant was a violation of the statutory speed laws, that a variance exists, and that a count which charges general negligence is not sustained by the proof of a breach of a statutory duty. The law appears to be that it is not necessary to specially plead the statutory obligation and allege a breach of same. It is sufficient to generally allege the neglect of defendant, as the cause of the injury, and its averments would be sustained by proof that defendant drove his car contrary to the provisions of the statute, if such driving was the proximate cause of the injury, *Chicago & A. R. Co. v. Dillon,* 123 Ill. 570; *Leideck v. Chicago,* 248 Ill. App. 545. We do not think this objection is well taken.

From the testimony of the witnesses as before epitomized it is apparent that whether defendant was negligent and whether deceased was guilty of contributory negligence were close questions, particularly as to whether Scally was in the exercise of ordinary care for his own safety. In such situation it is important that the rulings upon the admission and rejection of evidence be accurate and free from any error which might have a tendency to confuse or mislead the jury, *Chicago Union Traction Co. v. Miller,* 212 Ill. 49; *West Chicago St. Ry. Co. v. Moras,* 111 Ill. App. 531.

At the instance of plaintiff, the court charged the jury as to what rates of speed are by the statute made prima facie evidence that the driver was traveling at a rate which was not reasonable and proper.

The effect and propriety of such instructions has frequently been passed upon by reviewing courts. In *Stamas v. Waskow,* 250 Ill. App. 364, the court ruled that such an instruction has a tendency to mislead the jury into concluding that if it believes that defendant's car was traveling at a rate in excess of that mentioned in the statute, it must find, regardless of surrounding circumstances, that the driver was operating the car at a rate of speed greater than is reasonable and proper, and that the giving of such an instruction, in a case which is close upon the facts, is reversible error, and to the same effect, *Harris v. Piggly Wiggly Stores, Inc.,* 236 Ill. App. 392; *Crawford v. Cahalan,* 259 Ill. App. 14.

This court held, in the recent case of *Barnhart v. Goin,* 266 Ill. App. 591, that where the question of speed might have been one of compelling force with the jury, its giving constitutes error for which a judgment will be reversed.

It is apparent that the matter of speed of defendant's car was one of the prime questions in the case, and one of the chief grounds upon which plaintiff relied to establish the negligence of defendant. In such situation, and with the case close upon the facts as to liability, its tendency would be to mislead the jury, and was prejudicial to defendant. Furthermore it was erroneous for another reason. The accident occurred on November 21, 1935, and the instruction was couched in the language of the statute as it existed prior to July 1, 1935. The legislature at its 1935 session made important changes in the statute as to raising the rate of speed beyond which traveling was prima facie in excess of a rate reasonable and proper, hence we have the spectacle of the jury being told that if the speed was in excess of a statutory rate, not in force at the time of the accident, it was prima facie evidence of excessive speed.

The setting forth in an instruction of the language of a statute involved, if accurate as a legal statement

and applicable to the facts, is not reversible error, though a practice not to be commended, *Varney v. Ajax Forge Co.,* 204 Ill. App. 208; *Watson v. Kammeier,* 203 Ill. App. 31, and where it does not correctly state the law, it is not warranted, and in a close case must be held prejudicial error.

As the case must be retried, we refer to a ruling of the trial court on a question of evidence. As previously stated, plaintiff called the defendant who testified fully as to the facts regarding the injury, he being an eyewitness thereto.

The plaintiff herself was then called to depose as to the careful habits of deceased. General objection was made, which the court overruled. Such testimony is only available where plaintiff has no eyewitness to the occurrence, *Petro v. Hines,* 299 Ill. 236; *Ingle v. Maloney,* 234 Ill. App. 151. We think the trial court should have sustained the objection, as the defendant, called by plaintiff, testified as an eyewitness, and hence no necessity existed for the resort to such evidence. The objection was general, however, this was sufficient, the evidence being inadmissible for any purpose, *Chicago, R. I. & P. R. Co. v. Rathneau,* 225 Ill. 278.

Defendant, upon page 5 of his brief, sets forth "points relied upon for reversal of this cause"; he does not, however, include the above question among such points. Later in his argument, nevertheless, he raises and argues the proposition. In this confusing state of the brief and argument we are unable to determine whether or not he is relying upon such ruling as a ground for reversal, and have not considered it as such. We have referred to it in order that it may be corrected upon another trial.

For the reasons stated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*