**Frank J. LA PRESTI, Plaintiff-Appellant,**

v.

**GOODALL OIL COMPANY, Defendant-Appellee.**

**Carol VIGDAL, Special Administratrix of the Estate of Charles B. Vigdal, Deceased, Plaintiff-Appellee,**

v.

**Frank J. LA PRESTI, Defendant-Appellant.**

**No. 13234.**

United States Court of Appeals Seventh Circuit.

May 22, 1961.

William P. Nolan, Pretzel, Stouffer, Nolan & Rooney, Chicago, Ill., for plaintiff-appellant.

Francis E. Hickey, Rockford, Ill., Oswell G. Treadway, Joseph H. Hinshaw, John M. Moelmann, Chicago, Ill., for appellees.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

This action was commenced by the filing of a complaint by the appellant, Frank J. La Presti, naming the Goodall Oil Company as a defendant. It was brought to recover damages occasioned by the alleged negligence of a deceased employee of the Goodall Oil Company in driving a tractor-trailer, gasoline carrying, truck unit.

The Goodall Oil Company filed a counter-claim in that suit, against La Presti, seeking to recover for the damages caused to the tanker tractor-trailer and for the loss of the gasoline cargo.

Subsequently, Carol Vigdal (on re-marriage, Carol Vigdal Terpstra) special Administratrix of the Estate of Charles B. Vigdal, the deceased driver of the Goodall Oil tanker, filed a separate action, seeking to recover damages for wrongful death based upon the alleged negligence of the defendant, Frank J. La Presti.

The action for the wrongful death was consolidated with the original action brought by plaintiff, La Presti, and the two cases were tried as one, so that the trial below included the action of La Presti for his own personal injuries and the destruction of his truck, the counter-claim of the Goodall Oil Company and the wrongful death action.

The jury found a verdict adverse to La Presti on his claims, in favor of Goodall on its counter-claim and in favor of Carol Vigdal Terpstra, the Administratrix, on the death claim.

The main contested issues on appeal are:

1. Whether the plaintiff, La Presti, was entitled as a matter of law, to a directed verdict in each of the litigated claims, and

2. Whether the trial court erred in its refusal to give certain instructions as tendered on his behalf.

These lawsuits arose out of a highway accident which occurred at about 2:00 P.M. on August 31, 1956, at the intersection of Barrington Road and U. S. Route 20, also known as Lake Street, in Cook County, Illinois.

The plaintiff, Frank J. La Presti, the owner and driver of a dump truck loaded with torpedo sand, who had been proceeding in a southerly direction on Barrington Road, collided with a tractor and trailer loaded with gasoline belonging to the defendant, Goodall Oil Company, and operated by Charles B. Vigdal in a north-westerly direction on U. S. Route 20. The gasoline in the oil truck ignited and the two trucks were virtually destroyed. Vigdal perished in the conflagration, but the plaintiff, La Presti, managed to escape after being severely burned.

La Presti testified that he was familiar with the intersection. He knew what to expect when he came up to it. He knew the presence of the viaduct, of the slight curve in Lake Street, and of the dip in the street under the viaduct. He was fully aware of the stop sign on Barrington Road and that Lake Street was a four-lane preferential highway.

La Presti testified he was proceeding in a southerly direction on Barrington Road. He testified that when he arrived at a stop sign he came to a stop. He then coasted down to the northerly edge of the pavement on Lake Street and stopped again. He insisted that he "stopped dead" at both places, and that he stopped long enough to look in both directions. His testimony was:

"I looked at both directions and not a soul was coming".

On further questioning he stated that no vehicles of any kind were coming from either direction. He insisted that he looked to the left under the viaduct and saw nothing.

According to La Presti, he then proceeded into the intersection with his truck in low gear, at a speed between 5 and 10 miles per hour. Apparently, he estimated his speed at 5 or 6 miles per hour. He insisted that he had to feed the gas slowly, otherwise the engine would cut out and "you would only be going the same speed anyway". After the front end of his truck had about

crossed the first of the northerly traffic lanes on Lake Street, according to his testimony, he saw the tanker-truck about 250 feet away from him. At that time it was east of the viaduct. However, he made no effort to stop and allow the tanker-truck to pass in front of him, although he testified that he could have stopped immediately—"at that speed it would not take nothing, no time to stop". Nor did he apply his brakes. On the contrary he proceeded at the same slow speed across the northwesterly traffic lanes in front of the tanker-truck. From the record the jury would have been warranted in concluding that if as he stated he looked both ways that he would have seen the on-coming truck. The law will not tolerate the absurdity of allowing one to testify that he looked and did not see the danger when the view was unobstructed and where if he had properly exercised his sight, he would have seen it. Dee v. City of Peru, 343 Ill. 36, at page 42, 174 N.E. 901.

From the photographs of the intersection at various points of view the jury could have properly found that if he had looked as he testified he would have been able to see the approaching tanker-truck. The plat of the intersection shows that if he had looked at the time he stopped at the stop sign he could have seen quite some distance to his left down Lake Street and that the view was not impaired. And if he had looked when he stopped at the pavement on Lake Street he would have been able to see much further. Whether he stopped, and also whether he could see the oncoming truck were questions of fact to be decided by the jury.

■ Witness Allen, who was a disinterested witness, testified that he passed the tanker-truck southeast of the intersection in question, and that in doing so he was traveling between 45 and 50 miles per hour which indicates that the Goodall truck was not traveling at an excessive rate of speed. Another witness who observed the tanker-truck noticed nothing unusual in its operation. From an examination of the record it is clear that there is evidence fairly tending to establish negligence on the part of La Presti and freedom from negligence on the part of the driver of the tanker-truck.

■ And, as was said in the often-quoted case of People v. Hanisch, 361 Ill. 465, at page 468, 198 N.E. 220, at page 221:

"Whatever may be the rule in certain other jurisdictions, we firmly adhere to our often-asserted belief that it is the province of the jury, alone, to determine the weight of the evidence and the credibility of the witnesses. If it were not so there would be little use for the jury system. The jury, as a fact-finding body, is of such importance that an abridgement of its functions in this regard and an appropriation of them by the judges would be the forsaking of a valued tradition in our system of jurisprudence. The utmost caution should be exercised not only by the trial courts but by the reviewing courts to uphold the sanctity of the trial by jury".

■ The plaintiff complains that the court refused to give the jury an instruction in the language of the statute. The setting forth of instructions in statutory language is a practice which is not to be commended. Scally v. Flannery, 292 Ill. App. 349, 353, 11 N.E.2d 123.

The jury was properly instructed on the issues raised by the record.

We have considered all questions raised in the briefs and find them without merit.

Therefore the judgment of the District Court is affirmed.

Affirmed.