# CITY OF CHICAGO
## v.
## PATRICK FARRELL.

*Municipal Corporations—Personal Injury—Defective Sidewalk—Constructive Notice—Instructions.*

In an action against a municipal corporation to recover damages for personal injuries, alleged to have been caused by negligence in failing to have a guard or rail on a sidewalk adjoining a bridge, this court affirms the judgment for plaintiff, it being admitted that the evidence tended to show constructive notice, and the instructions asked by the defendant and refused by the court having failed to present a sound hypothesis upon which to base a verdict for the defendant.

[Opinion filed December 18, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. CLARENCE A. KNIGHT and JOHN W. GREEN, for appellant.

Messrs. WILLIAM HOYNES and JOHN GIBBONS, for appellee.

*Per Curiam.* This suit was brought by appellee against appellant, to recover damages for personal injuries caused by the neglect of appellant in failing to have a guard or rail placed on a sidewalk on Archer avenue adjoining a bridge over Ogden slip, in said city. By reason of the absence of such guard at the time of the injury, appellant fell from the sidewalk in such a way that his leg was caught in some timbers and broken; the result being that it was found necessary to amputate the limb.

On a trial before the court below and a jury, a verdict was found for appellee, motion for new trial by appellant was overruled, exception taken by appellant, and judgment on the verdict, from which this appeal was prayed and allowed.

There was a conflict of evidence as to the length of time the guard had been missing from the sidewalk at the time of appellant's fall, but counsel for appellant admits that, upon the whole record, there was evidence tending to show, it was down for a time sufficient to have given the city constructive notice thereof. This disposes of the question of fact in the case.

The instructions requested for the city and refused by the court, each failed to present to the jury a sound hypothesis upon which a verdict for the defendant could rest. There was no error in the refusal of such instructions, and the judgment will have to be affirmed.

*Judgment affirmed.*

GARY, J., took no part in the decision of this case.