## PETER READEY AND WILLIAM SCHWERIN
### v.
## OTTO SCHWANZENBACH.

*Appeal and Error—Secs. 36 and 58, Chap. 79, R. S.—Sec. 36, Chap. 110, R. S.*

1. The finding of the trial court as to the value of certain goods will not be reviewed upon appeal, where there was evidence to support such finding, and the question of the insufficiency of such proof was not raised below.

2. In view of Secs. 36 and 58, Chap. 79, R. S., and of Sec. 36, Chap. 110, R. S., this court holds that a failure on the part of the defendants below, or either of them, to deny their joint liability by affidavit before the justice or by affidavit or verified plea, in the Superior Court, relieved the plaintiff below from proving in the first instance the joint liability or partnership of the defendants.

3. In an action brought to recover the value of certain stone window caps furnished by the plaintiff and used in the construction of a building belonging to one of the defendants, the other defendant being the mason contractor, this court declines, in view of the evidence, to interfere with the judgment for the plaintiff.

[Opinion filed November 11, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Mr. GEORGE W. WILBUR, for appellants.

Mr. C. A. FITCH, for appellee.

MR. JUSTICE SHEPARD. This is an appeal from a judgment of the Superior Court of Cook County, upon an appeal brought to that court from a judgment rendered by a justice of the peace. In the Superior Court a jury was waived and the cause heard by the judge.

The action is for the value of certain stone window caps furnished by the appellee and used in the construction of a building belonging to the appellant Readey.

Readey v. Schwanzenbach.

The other appellant, Schwerin, was the mason contractor, and the appellee, Schwanzenbach, was the cut stone contractor for the building. The window caps were extras. The specifications called for brick arches, which it was the duty of Schwerin to construct.

About the time the mason work had reached the basement story, the architect of the building directed Schwerin to order cut stone window caps and put them in, in lieu of the brick arches, which was done, the appellee, Schwanzenbach, furnishing them. Readey, the owner, was frequently around the building, and saw the stone caps put into the structure, and made no objection. There being delay in furnishing the caps for the upper story, Readey and Schwerin went together to appellee's stone yard and directed that they be furnished at once, and they were delivered on that day.

The contention below was wholly confined to the question of defendant's liability. The bill of exceptions does not show that any question was raised as to the value of the window caps in the court below, although counsel, now in this court, argues that there is no evidence of any amount being due from any person.

The evidence as to the value of the caps consisted in the bill that was rendered for them, and offered in evidence without objection, and an order by the architect drawn in favor of the appellee, on the appellant Readey, for the amount of the bill, and requesting him to deduct the amount thereof from the final certificate given to Schwerin.

The finding of the court below as to value, will not be reviewed on appeal, where there was evidence tending to support such finding, and the question of the insufficiency of such proof was not raised below.

It is contended that there is no joint liability on the part of Readey and Schwerin, and that a judgment against them jointly, is erroneous. No plea or affidavit denying the joint liability of the defendants below was filed either before the justice of the peace, or in the Superior Court.

Sec. 58, Chap. 79, R. S., entitled Justices, etc., is as follows:

"In actions upon contracts, express or implied, against two or more defendants, as joint defendants or partners, or joint obligors or payors, whether so alleged or not, proof of the joint liability or partnership of the defendants, or their christian or surnames, shall not, in the first instance, be required to entitle the plaintiff or plaintiffs to judgment, unless the defendant or defendants, or any of them, shall deny the partnership or joint liability or the execution of the instrument sued upon, by affidavit." And Sec. 36, Chap. 110, R. S., in regard to practice in courts of record, is substantially the same, except that it requires a verified plea to be filed instead of an affidavit.

Sec. 36, Chap. 79, R. S., entitled Justices, etc., provides:

"If suit be brought against two or more defendants, and it shall appear upon the trial that one or more of the defendants is not jointly liable with the others upon the contract or cause of action sued upon, judgment shall be given against such as appear to be liable, and in favor of the others."

Failure upon the part of the defendants below, or either of them, to deny their joint liability by affidavit, before the justice of the peace, or by affidavit or verified plea in the Superior Court, relieved the plaintiff below from proving, in the first instance, the joint liability or partnership of the defendants below. "It is only when this denial is interposed that the *onus probandi* lies on the plaintiff." In the absence of a denial of joint liability, as provided by the statute, "it was not necessary to a recovery that the proof should show a joint liability, but only that it should not show the contrary;" and it is only when, "on the whole, it does appear that the defendants were not jointly liable that the judgment must be reversed." Tuohy v. Daly, 27 Ill. App. 526; Evans v. Fisher, 5 Gilm. 569; Archer v. Bogue, 3 Scam. 526; Garland v. Peeney, 1 Ill. App. 108.

The fact that the defendant Readey was the owner of the building, that Schwerin was the mason contractor, that all the window caps were built into the building upon the direction of the architect by Schwerin with Readey's knowl-

edge, and that the two went together to the appellee's stone yard and there together ordered the immediate delivery of the remaining caps needed to finish the building, tended to show a joint liability, and justified the court below in holding Readey and Schwerin jointly liable.

The defendants mistook the law in assuming that the burden of proving joint liability was on the plaintiff, in the first instance, in the absence of any affidavit or plea by them denying it. Neglecting to make the issue of non-joint liability, the burden was on them to disprove it, and having failed to do so, the judgment of the Superior Court was right.

As to what the rights of Readey may be against Schwerin, under their contract, either for the entire value of the stone caps substituted for the brick arches, or the difference in value between the two, we can have nothing to do in this case, and express no opinion.]

*Judgment affirmed.*