## Frank Moore v. B. B. Francis.

JOINT LIABILITY—*when plaintiff need not make proof of.* In the absence of a plea in bar verified by affidavit, the plaintiff is not required, in the first instance, to make proof of joint liability.

Assumpsit. Appeal from the Circuit Court of Wayne County; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the February term, 1907. Affirmed. Opinion filed September 13, 1907.

W. F. BONHAM, COOPER & BURGESS and JOHN R. HOLT, for appellant.

CREIGHTON & THOMAS, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in assumpsit, brought by appellee against appellant and Peter Diddea, to recover damages for a breach of a written contract under seal, for the sale of land.

The declaration contains two special counts and the consolidated common counts. The first count alleged that on January 26, 1906, the defendant Peter Diddea was the owner in fee simple of certain lands, and had before that time constituted and appointed the defendant Frank Moore his agent to contract and sell the same to plaintiff; that on said day the plaintiff and said defendants entered into a contract agreement, whereby defendants agreed to sell and convey to plaintiff said lands for a valuable consideration; that defendants signed said agreement by the name and description of Frank Moore, agent; that the same was sealed with the seal of said Frank Moore, agent, and that said agreement was also signed by the plaintiff; that said agreement recited that the defendants were legally seized in fee of the lands aforesaid, and that they thereby covenanted and agreed to convey the same to plaintiff by a good and sufficient warranty deed, executed by defendants, on or before February 15, 1906, and to furnish a complete abstract of title, certified to by a competent abstractor, showing a merchantable title to

said premises, free and clear of all encumbrances, on or before February 5, 1906, for the sum of $2,400 to be paid by the plaintiff upon the delivery of said abstract and warranty deed; that $100 was to be paid in cash on January 26, 1906, and the remainder was to be paid on the delivery of the deed on February 15, 1906, in the manner set out in the contract; that it was further agreed in said contract, if the defendants failed or refused to comply with the provisions of said agreement on their part to be performed, they should forfeit and pay to the plaintiff the sum of $500, as liquidated damages; that said $100 was paid on the date of the contract; that defendants failed to furnish either the abstract or deed in the manner provided for in the contract and have wholly refused and neglected so to do, whereby defendants have forfeited and become liable to pay to plaintiff the said sum of $500, together with the sum of $100 part purchase money paid by plaintiff to the defendants as aforesaid. The second count was very similar to the first, except it is there charged that the agreement was made and executed on behalf of defendants, by the defendant Frank Moore, who was then and there acting as the agent of defendant Peter Diddea.

Defendants filed a plea of the general issue only. The trial resulted in a verdict and judgment in favor of plaintiff, for $350. From that judgment the defendant, Frank Moore, alone perfects an appeal.

The evidence plainly shows without contradiction, that $100 was paid to Moore by appellee at the time of the execution of the contract mentioned in the first two counts of the declaration, and that the part of the contract, undertaken to be performed by "Frank Moore, agent," was never complied with.

The principal insistence of appellant is that the judgment is void as to Peter Diddea, and being a joint judgment, it is therefore also void as to appellant. The contract was charged to be the joint one of Moore and Diddea, in the declaration filed by appellee and the defendants did not file a plea in bar denying their joint liability, verified by affi-

davit. Consequently appellee was not required in the first instance, to make proof of the joint liability of the defendants. Rev. Stat., chapter 110, section 36.

Diddea was not a witness in the case and Moore testified, when called as a witness by appellee, that he had authority to sell the land and sign the contract. A letter from Diddea to appellee was also admitted in evidence, dated April 13, 1906, in which he said Moore was to sell the land for him, and that he had a letter from him the latter part of January or the first part of February, that he had sold it to B. B. Francis. Diddea asked in his letter why the matter had been dragging on, saying he could never find out what the real trouble was.

We think the proof was, under the condition of the pleadings in this case, sufficient to establish the joint liability of Moore and Diddea as charged in the declaration.

Appellant complains of the three instructions given for appellee, upon the ground they assume questions of fact, which should have been left to the determination of the jury. Upon an examination of these instructions, we are of opinion they are not subject to the criticisms made by appellant, and that they state the law applicable to appellee's case with substantial accuracy. It appears to us that this is a meritorious case upon the facts and that there is no substantial error in the record.

The judgment of the court below is accordingly affirmed.

*Affirmed.*