H. H. Strohm, Defendant in Error, v. Alfred Holzman Company et al., Plaintiffs in Error.

## Gen. No. 14,674.

ACTIONS AND DEFENSES—*when proof of joint liability need not be made.* In the absence of pleas or affidavit by the defendants denying joint liability, no obligation arises upon the plaintiff in the first instance to prove such joint liability.

*Assumpsit.* Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed November 22, 1909.

IRWIN R. HAZEN, for plaintiffs in error.

OTTO G. RYDEN, for defendant in error; HOYNE, O'CONNOR & IRWIN, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit brought to recover for certain "booklets" alleged to have been sold by the defendant in error, herein called plaintiff, to plaintiffs in error, herein called defendants, upon an order as follows:

"*Order*.

Sept. 11th, 1907.         ALFRED HOLZMAN Co.,
    H. H. STROHM,               340 Dearborn St.,
        City.                           Chicago, Ill.

25,000 booklets, juvenile series, 5 different styles at $25.00 per 1,000—net.

ALFRED HOLZMAN Co.,
                    per A. HOLZMAN."

It appears that 16,500 of these booklets were delivered on or before November 25th following and upon November 26th the remaining 8,500 booklets were offered to Alfred Holzman and were refused on the alleged ground they were not according to specifications. At the time the order referred to was given the defendant Alfred Holzman was trading under the name of Alfred Holzman Company and was at the same time, it is claimed, president of the corporation Alfred Holzman Company. It is said that both he and the corporation were carrying on the same kind of business at the same place in the same name. The suit was brought against the corporation and Alfred Holzman individually. Evidence was introduced by the defendants for the purpose of showing that the booklets were defective. The issues were submitted to a jury, which found in favor of the plaintiff for the amount claimed.

The defendants seek to set aside the judgment entered by the Municipal Court on the verdict upon the alleged ground that there is no evidence of the joint liability of Alfred Holzman Company, the corporation, and Alfred Holzman trading under the same name. Both defendants were served with summons and both contested plaintiff's right to recover, but so far as we discover did not claim at the trial and offered no evidence to prove that they were not jointly liable, if liable at all. There was no plea nor affidavit filed in their behalf denying joint liability. Under such circumstances the plaintiff was not obliged to offer evidence in the first instance to prove that the defendants were jointly liable. Schwartz v. Southerland, 51 Ill.

App. 175. Reądey v. Schwanzenbach, 46 Ill. App. 348; Moore v. Francis, 136 Ill. App. 19.

It is urged in behalf of defendants, however, that there can be no recovery against both of them even though the issue of joint liability was not raised by plea or otherwise, since, as it is claimed, the evidence shows the contract sued upon was not joint but several. It is asserted by defendants' counsel that when the contract sued on was signed the corporation Alfred Holzman Company was not in existence. On the other hand, plaintiff's attorneys state just as positively that when Alfred Holzman gave the order he was president of the corporation "which was engaged in the same business as Alfred Holzman, the individual, at the same time and at the same place and under exactly the same name." The vice-president of the corporation testified that he had held that office for two years and a half. This would tend to show that the corporation was in business at least that length of time. The original order for the goods in controversy was signed "Alfred Holzman Co. per A. Holzman." So far as appears this signature might represent either the corporation or the individual trading in that name. The order, for aught that appears on its face, may have been given for either or both of them. There is evidence tending to show that it was given for both. It is claimed by the defendants that the goods were delivered to Holzman, the individual. There is in evidence a letter addressed to the Company which printed the booklets for the plaintiff, which letter is signed "Alfred Holzman Company." In it the writer uses the term "we" throughout the letter, and states that the booklets in question are not what the plaintiff "sold us" and that plaintiff "misrepresented these booklets to us." If the sale was to the individual Holzman alone, there was no apparent necessity for referring to him as "we" and "us" in that communication. Furthermore the vice-president of the corporation Alfred Holzman Company testifies that he

received the first two packages of the booklets which plaintiff brought or sent to the office, and that he called Mr. Holzman's attention to them, but that the latter was very busy at the time "and he put me off, telling me not to bother him, that he was busy and had not time to look at them." He states that "Mr. Strohom left them there." This would tend to justify an inference that they were left in the hands of a representative of the corporation. It appears also that when plaintiff's counsel was proceeding apparently to prove the number of booklets delivered, the counsel for defendants interposed with the statement that "the defendants will admit they received packages purporting to contain these numbers, but we don't know the number. We cannot admit that, because we haven't used them;" and further "that there were packages delivered there to these defendants," and receipts for them were given at the time. The defendants did not attempt to prove that if liable at all they were not jointly liable, and we are of opinion there was evidence which fully justifies the verdict against both of them.

For reasons indicated the judgment of the Municipal Court must be affirmed.

*Affirmed.*